EASTERN DIST.
*March,* 1840.

UNION BANK
*vs.*
MORTEE ET AL.

---

### UNION BANK *vs.* MORTEE ET AL.

APPEAL FROM THE COURT OF THE EIGHTH JUDICIAL DISTRICT, FOR THE PARISH OF ST. TAMMANY, THE JUDGE THEREOF PRESIDING.

The maker of a note cannot complain that demand of payment was made, after the last day of grace.

This is an action against the maker and endorser of two promissory notes.

The defendants excepted to the right of the bank to sue, having suspended specie payments, and thereby forfeited its charter. The exception was overruled.

There was a general denial pleaded. Several bills of exception were taken by the defendants, on the trial, which are fully noticed in the opinion of the court.

There was judgment against the maker, on both notes, and against the endorser on one. The defendants appealed.

*Penn,* for plaintiff.

*Davidson* and *Mortee,* contra.

*Martin, J.,* delivered the opinion of the court.

The defendants, sued as maker and endorser of two promissory notes, are appellants from a judgment against

EASTERN DIST. both of them on the first note, and against the maker alone
*March*, 1840. on the second.

UNION BANK
*vs.*
MORTEE ET AL.

Neither of the parties deny their signature. The first note was protested in due time, and notice was given to the endorser, personally, on the day of protest. The second note bears date the 25th November, 1837, payable six months after date, and was protested on the 29th of May following, being one day too late.

The maker has contended, that, as the note was payable at a particular place, and the demand not made there until after the expiration of the last day of grace, judgment ought not to have been given against him. He requested the judge to give this in charge to the jury, which, being refused, he took his bill of exceptions.

The defendant also opposed the protest being offered in evidence, because it was null and void, having been made too late. It was admitted by the court, and the defendant excepted.

It does not appear to us that the judge erred. According to the latest decisions, it is very doubtful whether the maker can complain, when he contests the debt on the ground, that the demand was not made at the place where it was payable. In the present case, the demand was made there, and the maker cannot complain that it was made after the last day of grace.

The judge *a quo* correctly admitted the protest in evidence, directing the jury to ascertain thereby whether the demand was made in due time, and that if not in time, it would be binding on the maker, but not on the endorser.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.