Gakland, J.
delivered the opinion of the court.
This action is on a promissory note drawn by J. Whitehead, president of the Eagle Insurance Company, made payable to Ferguson, Parker & Co., or order, twelve months after date, for $13,980 35, with 6 per cent, interest until paid, dated February 1st, 1839. About the month of July in the same year the note was indorsed by the payees and delivered to the plaintiffs, and not being paid at maturity was protested and suit instituted. The defence is that the note was made under the condition of not being paid until other claims owing by the company were discharged, that the note was transferred to the plaintiffs as trustees for various creditors in New-York, and having been taken by the payees and indorsers subject to the condition, the in- [66] dorsees are bound by it, having had notice of the* terms upon which it was made; the defendant therefore asks that if judgment be rendered it be subject to the condition, which prayer was allowed by the court and the plaintiffs appealed.
It appears from an authentic act on file, that the Eagle Insurance Company having become embarrassed, made an assignment of all its property and assets to Whitehead, to close its business and pay the debts; a schedule of which are annexed to the act. In this act, which is dated eighteen days after the note, Parker, one of the firm of Ferguson, Parker & Co., joins and says they agree to the proposition mentioned, which is to collect and realize ail the assets as soon as practicable, and pay over the same to the general credit *402 ors in the order specified in an annexed list or statement, in which Ferguson, Parker & Oo. are not named at all. The effect of all which, as contended by the defendants, is that they were not to be paid unless something was left after paying every body else, and if the letter of the act was to be adhered to they were not to be paid at all, which is rather unreasonable.
In the month of July, 1839, Parker being in Mew-York, and his firm being indebted to the plaintiffs and a number of other persons there, indorsed the note and delivered it to the plaintiffs, and at the same time an act was passed stating all the circumstances, and constituting the plaintiffs trustees for the purpose of collecting the note and paying the proceeds to the credit" ors of Ferguson, Parker & Oo., all of whom are mentioned, for and in consideration of which transfer all the creditors named released and discharged Parker and his firm from “ all manner of action and actions, bonds, notes, judgments, executions and all other claims and demands whatsoever from the beginning of the world to the day of the date of said act.” The amount of debts so discharged exceeds fifteen thousand dollars.
[67] It does not appear that the plaintiffs or any of the creditors in Mew-York had any notice of there being any conditions attached to the note; it is in the usual mercantile form; they gave a full consideration for it, and we' think it ought to be paid in full. If there shall be any loss in consequence, the fault is with the defendants or their agent, in not annexing to the note some evidence of conditions or equities being attached to it. It would have ■ been easy to have omitted the words “ or order ” on the face of the note, or when the act was passed in this city, to have had the note identified with it, showing some condition annexed. This would have put every man on his guard, and prevented Parker from passing it to the plaintiffs and obtaining a full discharge for a much larger amount of debt owing by him. 3 La. Reports, 241, 261; 1 Martin, M. S. 143 ; 4 La. Reports, 220.
We do not consider the plaintiffs as trustees for Ferguson, Parker & Oo., in any manner or having any further interest in the note. They (Van Pelt & Fowler) are the representatives of the Mew-York creditors and in no way responsible to Ferguson, Parker & Oo., for their management of the trust, they being discharged from all liability to those creditors.
The judgment of the commercial court is therefore annulled and reversed so far as it makes the payment thereof subject to the terms of the agreement passed before H. B. Oenas, notary public, dated on the 18th of February, 1839, and affirmed in all other respects, with costs.