## Bradford et al. v. Cooper, Administratrix.

| 1 | 325 |
| 45 | 212 |
| 1 | 325 |
| 115 | 677 |

Article 326 of the Code of Practice, which declares that a "defendant, whose signature shall have been proved after his having denied the same, shall be barred from every other defence," does not apply to an administratrix, who, when sued on a note alleged to have been executed by the deceased, denies the signature to be genuine. The party by whom an instrument was signed, must be supposed to know his own signature; but the supposition does not apply to an administratrix who may never have seen him write. C. P. 324. C. C. 2240.

Under art. 325 of the Code of Practice, which provides that, "where the defendant denies his signature, the plaintiff must prove its genuineness, either by witnesses who saw the defendant sign the act, or who declare that they *know* it to be his signature because they have frequently seen him write and sign his name," it is sufficient that the witnesses swear that they have seen the defendant sign his name frequently, and that they *believe* the signature to be his.

Where in an action on a note, professing on its face to have been given for value received, the consideration is denied, defendant must show the want or failure of consideration.

Under the law-merchant—the prevalence of which throughout the States of the Union, except so far as modified by statute, the court will judicially notice, a notarial protest is not required to be made in the presence of witnesses, or to be signed by them. The act of the notary, certified by his signature and notarial seal, is sufficient.

Where a note is payable at a particular bank, notice of non-payment to the maker is unnecessary.

The omission to present a note at the bank at which it was payable, at maturity, will not discharge the maker, where it is not shown that he had funds there at the maturity of the note, or that any loss or injury has been sustained by him in consequence of the delay in presenting it.

Where a commission to take testimony, directed to a particular person, is signed by the judge himself, no objection can be made to it on the ground that no order of court had authorized it to be so directed. The signature of the judge is a sufficient order.

Where a commission to take testimony is addressed to a resident of another State by name, and describes him as a justice of the peace, he becomes an officer of the court *ad hoc*, and no proof is required of his being a justice, or of his authority to administer oaths, or of his signature.

Where cross-interrogatories have been propounded to a witness examined under a commission, notice to the party by whom they were propounded of the time and place of taking the testimony, is unnecessary. Stat. 25th March, 1828, s. 9.

Where a general order has been made to take testimony in a case, and a commission has been granted by the judge in pursuance thereof, and cross-interrogatories have been propounded by the opposite party, the evidence taken under it cannot be excluded on the ground that there was no affidavit of the materiality of the testimony.

Where the holder of a note omits to present it for payment at maturity, and there is no stipulation in it for the payment of interest, he can recover interest only from the time when the debtor was put in default.

APPEAL from the Court of Probates of Union, *Taylor*, J.

*Baker* and *McGuire*, for the plaintiffs. *R. W. Richardson*, for the appellant.

The judgment of the court was pronounced by

SLIDELL, J. This is a suit against *Anna Cooper*, administratrix of the estate of her deceased husband, on a joint and several promissory note, made in the State of Alabama, in favor of the plaintiffs, by *J. A. Marshall* and *Jesse Cooper*, for $2139 93, dated 16th March, 1838, and payable 1st February, 1839, at the branch of the Bank of the State of Alabama, in Mobile, for value received. The defendant answered by a general denial. She further answered by deny-

ing the signature to be that of her deceased husband, and averred that it was not genuine. She also denied that any consideration was given for the note.

1. The plaintiffs contend that, by the denial of the signature and the averment that it is not genuine, the defendant is precluded from any other defence, under article 326 of the Code of Practice. The penalty established by this article is imposed by its terms, (construed in connection with article 324,) on the party who denies *his* signature. We cannot extend this penalty, by implication, to parties not comprehended in its terms, to wit, the heirs, or representatives, of a deceased signer. The distinction between the party who has himself signed, and an heir, or administrator, is obvious. The one may be well supposed to know with certainty his own signature, and whether he made the contract on which he is sued. But no such supposition necessarily attaches to an heir or administrator, who may never have seen the party write, and may have had no knowledge of the transaction in which the note originated. This distinction results not only from the phraseology of the Code of Practice and sound reason, but also from a positive provision in the Civil Code. Article 2240 declares that, " the person against whom an act under private signature is produced, is obliged formally to avow or disavow his signature. The heirs or assigns may simply declare, *(peuvent se contenter de déclarer,)* that they know not the hand writing, or the signature, of the person they represent." Again, so stringent is the law with regard to the person himself who signs, that the act of 1825 requires the defendant who denies *his* signature, to swear, " in order to compel the plaintiff to proof by experts," " that it is not maliciously, for sake of delay, or with a view to procure an unjust preference to one of his creditors over others, that he denies *his* signature." But no oath is required of an heir, or representative. The defendant was not, therefore, precluded by her answer from other defences.

II. It is contended by the defendant that, the signature of *Cooper* is not sufficiently proved, because the witnesses do not say that they *know* the signature to be his, relying on article 325 of the Code of Practice. If that article is to be litterally construed, the plaintiffs might well reply, that the article in terms applies to the defendant who has denied *his* signature. Suffice it to say that, if the article be applicable to the case before us, the evidence adduced is sufficient, upon a sound construction of the text, which is rendered in the French text *"qui déclareront reconnaître la signature du défendeur."* The witnesses declare that they have seen *Jesse Cooper* sign his name frequently, and *believe* the signature of the note to be his genuine signature. Another witness, in whose hands the note had been placed for collection, establishes substantially *Cooper's* acknowledgment. The testimony of these witnesses also removes the objection of the misspelling of the name.

III. The note on its face expresses to be for value received, and no evidence was adduced by the defendant, to shift the burden to the plaintiff, on the subject of consideration.

IV. To prove demand of payment at the place mentioned in the note, the plaintiffs offered in evidence a notarial protest, to which the defendant excepted that it was not made in the presence of, or signed by, two witnesses. It is a fact of which we deem it to be our duty to take judicial notice, that the law-merchant prevails throughout the States of this Union, except so far as the same may be modified in particular States by statute. The instrument called a notarial protest is one familiarly known under that law; and we find in that law

no requisition of witnesses to act in conjunction with the notary. His own act, certified by his signature and notarial seal, suffices. See Chitty on Bills, p. 493. Bailey on Bills, 256. Story on Bills, 301 *et seq*. The decisions in our own State to which we are referred, are based upon our own statute, which has prescribed, in certain cases, a peculiar form for this instrument, and those decisions are, therefore, inapplicable to the present case. It will be observed that there is no objection raised in the bill of exceptions to the admission of the protest of the foreign notary in evidence, on the ground that it is not the case of a protest of a bill of exchange, but of a promissory note. Had the objection however been made, it would have been answered by the authenticated Digest of the Statutes of Alabama, by which it appears that, that State has a statute similar to our own, making notarial protests evidence of demand, refusal, non-payment, &c., of inland bills and negotiable securities. Alabama Digest, p. 380. There was no objection in the bill of exceptions as to the official capacity of the notary.

V. It is objected that there is no proof of notice of non-payment. This was unnecessary. Bailey on Bills, 316.

VI. The note was payable 1st February, 1839, and was not presented at the Mobile Bank, nor protested till 9th June, 1842. The defendant contends that this delay discharged the maker. This did not operate a discharge. The maker has not shown that he had funds there at the appointed day, nor that any loss or injury has been sustained by the delay in making presentment. See Story on Bills, 266 *et seq*. *Wallace* v. *McConnell*, 13 Peters, 36. 14 La. 540.

VII. The plaintiffs having taken a rule to show cause why certain testimony taken under commission should not be heard at the trial, the defendant answered by the following objections:

1st. " That the commission is in the hand writing of one of the counsel for the plaintiffs, and is directed to *Anderson W. Dabney*, justice of the peace in and for Kemper county, Mississippi, and there is no order of the court authorizing the commission to be directed to said *A. W. Dabney*, or authority for counsel so to direct a commissson to any particular person at his option, without an order from the court." To this objection it suffices to say that, besides a general order to take testimony in and out of the State, the commission is officially signed by the judge himself. This was a sufficient approval of the commission and a sufficient order.

2d. " It was denied that *Dabney* was a justice of the peace for said county, authorized in any manner to administer oaths. or that his signature, or that of the witness to the commission, ￼is genuine." This objection is untenable. See 11 Rob. 319. 18 La. 64. The judge, by signing the commission, clothed *Dabney* with authority to act as commissioner.

3d. " That there was no notice given of the time and place of taking said testimony." The defendant crossed the interrogatories, and no notice was necessary. Acts of 1828, p. 152.

4th. " There was no affidavit of the materiality of the testimony." We consider this objection answered by the granting of the commission by the judge, the crossing of the interrogatories by defendant, and the vagueness and generality of the reservation made by the defendant. 2 La. 98.

VIII. It is contended that this claim is barred by prescription. The note was payable 1st February, 1839; service of petition was acknowledged March 27th, 1844. The acknowledgment of the debt, in May, 1839, by *Marshall*, the

BRADFORD
*v.*
COOPER.

co-obligor *in solido*, and by *Cooper*, is satisfactorily proved.   Prescription was thus interrupted.   6 *Rob.* 261.   9 *Rob.* 26.   Civil Code, arts. 3517, 3516, 3486.

IX.  We think however that the court improperly allowed interest from 1st February, 1839.*   It should have been allowed from the date of the protest, 9th June, 1842 ; for then the debtor was put in default.   For this reason we must change the judgment of the court below.

It is therefore decreed that the judgment of the court below be reversed ; and it is further decreed that the plaintiffs, *J. B. Bradford & Co.*, recover of the defendant, *Anna Cooper*, administratrix of the estate of *Jesse Cooper*, the sum of $2139 93, with interest thereon at the rate of eight per cent per annum, from the 9th June, 1842, till paid, and the costs of suit in the court below, those of this appeal to be paid by the plaintiffs.

---

* There was no stipulation in the note for the payment of interest.