<div style="margin-left:2em">SATTERFIELD<br>v.<br>KELLER.</div>

The purchasers, as well as the vendors, did not imagine that any body's draft would answer the purpose, however irresponsible the drawer might be. Such seems to have been the understanding of the plaintiffs' own counsel; for they allege as a grievance, that the District Judge would not, during the trial, allow *Smith* to sign the draft as drawer or endorser. A party seeking to compel the specific performance of a contract of promise of sale, must himself show a specific compliance with his own obligations, or at least an attempt to that effect. This point we expressly ruled in an analogous case lately decided in New Orleans, (*Graugnard* v. *Lombard*, ante, p. 234.)

But the plaintiffs' demand is the more unreasonable, as they apply to the courts for the execution of a contract different in many respects from the one which they entered into. Under pretence that there are over seventy thousand dollars mortgages on the property in question, they claim the right to hold in hand the amount of the three first installments, including the sum of $25,000, to be paid by an accepted draft, and that, in the teeth of their own stipulations that the deed of sale should be passed after the delivery of this draft within the specified time, and that the sale should otherwise be null and void.

It was proper for the District Judge to decree the nullity of the contract entered into between the parties litigant; but we are of opinion, that the damages awarded by the amicable compounders ought to have been disallowed under the circumstances. The plaintiffs having failed to make good their demand for the enforcement of the promise of sale, were not entitled to damages of any kind.

It is, therefore, ordered and decreed, that the judgment of the District Court be amended, by disallowing the damages allowed therein to the plaintiffs, and that, in other respects, it be affirmed; the costs of both courts to be borne by the said plaintiffs.

---

## W. H. REMBERT v. WHITWORTH & POAG.

Where a commission to take testimony is specially directed by name to a person in another parish, his authority to administer oaths will be presumed.

APPEAL from the District Court of the Parish of DeSoto, *Creswell*, J.

*Elam & Wemple*, for plaintiff. *Mundy* and *Smith & Nutt*, for defendants and appellants.

BUCHANAN, J. This is an action upon a contract of affreightment for damages done to cotton shipped by plaintiff on board of flatboats of defendants, to be carried from Grand Bayou to New Orleans; said damage alleged to have been caused by the carelessness, recklessness, and want of skill of defendants and their servants.

The defence is, that the damage was occasioned by the unavoidable accidents of navigation, for which defendants are not responsible.

The jury found a verdict for plaintiff, and defendants appeal.

On the trial, defendants excepted to the introduction of the depositions of *Phelps*, a witness for plaintiff, examined under a commission directed to *William Payne*, as special commissioner in another parish, and of *Walmesly*, examined under commission directed to *Frederick Williams*, as special commissioner in

another parish, on the ground that the signatures of said *Payne* and *Williams*, unaided, did not suffice to prove their authority to administer oaths.

The Act of 25th of March, 1828, § 8, amending Article 425 of the Code of Practice, provides, that commissions to take testimony in another parish, may be directed to any Judge or Justice of the Peace, or to any other person authorized by law to administer oaths. Under this law, if a commission be specially directed by name to a person in another parish, the authority of such special commissioner to administer oaths, will be presumed. *Baine* v. *Wilson*, 18 La. 64.

The defendants also excepted to the introduction of the testimony of *J. J. Taylor*, a witness introduced by plaintiff to prove declarations of one *Bonneau*, a witness of defendant, conflicting with the statements made by said *Bonneau*, when examined under a commission in this cause. But it is unnecessary to pass upon this bill of exceptions, inasmuch as there is evidence enough to sustain the verdict of the jury without the testimony of *Taylor*.

The questions of fact presented by the issue, appear to have been correctly solved by the verdict.

Judgment affirmed, with costs.