Statement of the Case.
MONROE, J.
Plaintiffs allege that as the heirs of their ancestor, Joseph Simon Fon-tenot, they are the owners of a tract of land in the parish of St. Landry, described as section 33, in township 3 S., range 3 E., less the S. E. % of the S. E. ]4 of said section; that their ancestor acquired the land from the state of Louisiana on April 17, 1862, and that neither he nor his heirs have ever parted therewith; that there were assessed for the year 1895 to the heirs of Joseph Simon Fontenot “391.34 acres of land, being the S. E. % of the S. E. % in township three, south, of range three, east”; that, as thus assessed, said property was advertised, and on January 21, 1897, adjudicated to George O. Elms, who thereupon prepared a deed evidencing a sale of the,property inherited by petitioners; that said assessment, advertisement, and adjudication were insufficient to identify the property so inherited, and that the description was inserted in said deed in fraud, and vested no title in the adjudicates; that the land here claimed has never been in the possession of said Elms or his vendors (vendees); that Charles S. Elms claims to have acquired the same from his father, Geo. O. Elms. Plaintiffs pray for citation, and for judgment, decreeing the nullity of said tax deed, maintaining their title and sending them into possession, etc.
Defendant, Charles S. Elms, sets up a claim of title running back, through mesne conveyances, to the tax sale to George O. Elms of January 21, 1897, which is the main object of plaintiffs’ attack. He alleges that he and his authors have been in undisturbed possession of the land in question, and have paid the taxes thereon since said tax sale; that he purchased in good faith, and that his title is protected by the prescription of 10 years, under Civ. Code, art. 3478, and of 3 years, under article 233 of the Constitution; that neither pláintiffs nor their author ever paid any taxes on the land claimed, and that their demand is stale; that, should there be judgment against him, he is entitled to recover the amount disbursed for taxes, etc.
The evidence shows that plaintiffs are the sole heirs of Joseph Simon Fontenot, and that their ancestor acquired the land claimed by them, as alleged in the petition, and by the following description:
“Frac’l N. E. % of Sec. Frac’l W. % ; W V2 and N. E. % of S. E. %, Sec. 33; Town. 3 S ,- Range 3 E; area 391.38.”
*563 In other words, he acquired all of section 33, except the S. E. % of the S. E. yé. The assessment and advertisement under which the property thus described is said to have been sold to Geo. O. Elms are as follows:
£3.>o ho 1 02 4 B
Erom which it will be seen that there is no designation of the section in which the land attempted to be described is situated, and that, if any property can be said to be assessed or advertised, it is the S. E. y of S. E. 14 of an undesignated section, whereas, Jos. Simon Fontenot acquired all of section 33, except the S. E. % of the S. E. 34.
Geo. O. Elms admits that the deed purporting to have been executed pursuant to the adjudication under said assessment and advertisement was prepared by him, and the property said to have been adjudicated is therein described as having been borne on the assessment rolls as follows:
“No. 2270. Jos. Simon Fontenot, I-Ieirs of: 391.34 acres; being all of section thirty three in T. three, south, range three, East, except the southeast quarter of southeast quarter.”
On April 16, 1898, the children of Geo. 0. Elms, as heirs of their deceased mother, Mary E. Barker, conveyed to their father all of their interest in various tracts of land, including that described in the tax deed above referred to.
On July 31, 1899, Geo. O. Elms, acting, apparently, as natural tutor, and by order of the district court directing him to sell the property in community of his deceased wife, adjudicated the “north, fractional, half section; the north half fractional south half, the south half of southwest fractional 14 and the southwest % of southeast % of section 33,” to his son-in-law, John W. Rohrer, who on February 10, 1905, sold to Charles S. Elms, the present defendant, “all of section 33, in township 3 South, of range 3 East, * * * except the southeast % of S. E. y of said section.” On September 11, 1906, Ohas. S. Elms sold to Geo. O. Elms “the west, fractional, half- — the northeast fractional quarter — the north half of southeast quarter and southwest quarter of southeast quarter sec. 33,” said to contain 391.34 acres; and on October 15, 1906, Geo. O. Elms reconveyed said property to Chas. S. Elms, describing it as “391.34 acres in sec. 33, in T. 3 S., R. 3 E., * * * being all of section except 40 acres (S. B. 34 of S. E. %).” This last-mentioned conveyance purports to be a sale for $2,700 cash, and Chas. S. Elms (examined under commission) testifies that he paid the price in cash, and hence had no check to exhibit. On the other hand, Geo. O. Elms (also examined under commission, and at a different place), being asked: “Did you ever receive any consideration for the various sales made by you?” replied: “Not as yet; the note given me had only matured a short time before this suit was instituted.” Geo. O. Elms gives some other testimony, the purpose of which is to show that he took possession of the land by surveying it, asserting title, and leasing one acre to a party “for him to put a sawmill on,” and that the sawmill was erected and was operated for several years.
Opinion.
It is plain that the adjudication for taxes of the S. E. 34 0f g. e. 34 0f an undesignat-ed section of land in a designated township and range conveys to the adjudicatee no title to the whole of a particular section in such township and range, except the S. E. 1,4 of, the S. E. %; and it is equally plain that a tax deed having no other basis than such adjudication, but describing the property as all of said section, except S. E. 14 of the S. E. y,, can have no other or greater effect.
The adjudication alone transfers the title of the seized debtor, and the act of sale which follows “adds nothing to the force and effect *565 •of the adjudication, but is only intended to afford the proof of it.” Code Prac. arts. 690, G95. Where, however, there has been what purports to be an adjudication for taxes of property which from the description in the assessment and advertisement is not susceptible of identification, or there has been an adjudication of a sufficiently described tract, an act of sale, predicated thereon, cannot “afford proof” of the sale to the adjudicatee of a described tract other than that which has been adjudicated; for, there having been no such sale, there can legally be no proof of it and the insertion in the deed of a description of property not adjudicated cannot affect the title of the property described.
That there can be no sale of property which is neither identified nor susceptible of identification goes without saying. Scott et al. v. Parry et al., 108 La. 11, 32 South. 188; Levy v. Gause, 112 La. 789, 36 South. 681; Posey v. City of New Orleans, 113 La. 1059, 37 South. 969; Lewis v. Brock, 123 La. 1, 48 South. 563. And, where there has been no sale, article 233 of the Constitution, establishing the prescription of three years against attacks on sales, has no application. Shelly v. Friedrichs, 117 La. 679, 42 South. 218. It is true that it has been held by this court more than once that for the purposes •of the prescription established by article 233 of the Constitution an assessment may be ■sufficient though made in the name of a person not the owner of the property, or in the name of one who is dead, or in no name, but, so far as we are at present informed, it has never been held whether for the purpose stated or for any other that in legal contemplation there can be a sale of property for taxes without an assessment. In fact, it is of the essence of such a sale that there should have been an assessment, just as it is the essence of an execution that the executioner should have legal authority for what he does, since otherwise the killing is merely a homicide, and perhaps a murder. No one will pretend that one ordinary citizen can make a “sale for taxes” of the property of another, no matter what he may choose to call it, and a sheriff or tax collect- or without a writ or warrant — or, in other words, without an assessment and levy — is no more than an ordinary citizen, and his sales without such authority are not sheriff’s sales, or sales for taxes, but are acts which are better known to the law as “torts.”
Of course, an assessment, without an identification of the property attempted to be assessed, is no more possible than is the cooking of an uncaught hare, and, where one piece of property is described in an assessment and advertisement, it cannot be said that another piece is thereby identified, assessed, and advertised, or that any authority is thereby conferred on the sheriff or tax collector to sell such other piece for taxes; and, as we have said without authority, he cannot make a sale for taxes within the meaning either of article 233 of the Constitution or of any other provision of our law. The general rule, as thus stated, has been recognized in many cases besides those hereinabove cited, and in Shelly et al. v. Friedrichs, 117 La. 679, 42 South. 218, it was applied to the prescription established by article 233 of the Constitution, it having been there held (quoting from the syllabus) that:
“The constitutional provision invoked [referring to the prescription established by article 233] does not cure the tax title where the description is insufficient to identify the property.”
See, also, Crillen v. N. O. Terminal Co., 117 La. 354, 41 South. 645; Terry v. Heisen, 115 La. 1080, 1081, 40 South. 461.
We may remark here that the record does not show that the land in question was the only land owned by the heirs of Jos. Simon Fontenot in section 33, township 3 S., Range 3 *567 E., or in that township. The only evidence tending in that direction being an excerpt from the inventory in Fontenot’s succession from which it appears that there were 700 acres (doubtful as title and acreage) on Bayou Crocodile.
We agree with the learned counsel for defendant that it makes no difference, in so far as the original validity of the tax deed is concerned, that the deed was prepared by the adjudicatee, rather than by the sheriff, but that circumstance makes this difference in determining whether the adjudicatee acted in good or bad faith; that, if the deed had been prepared by the sheriff, there would be a possibility that the adjudicatee had accepted it without knowing that it described property which had never been assessed, advertised, or sold, whereas, having prepared the deed himself, we are bound to assume that the change in the description of the property was made with knowledge and deliberation, and for the purpose which it seemed likely to accomplish, thus bringing the adjudicatee within the meaning of Civ. Code, art. 8452, which reads:
“The possessor in bad faith is he who possesses, as master, but who assumes this quality when he well knows that he has no title to the thing or that his title is vicious or defective.”
We therefore agree with the learned judge a quo that the author under whom the defendant claims was not a possessor in good faith, and, as the title emanating from him was not as much as 10 years old when this suit was brought, the prescription of 10 years acquirendi causa cannot avail to sustain it. On the trial of the ease counsel for plaintiffs called to the stand Mr. O. Desho-tels, a son of the former sheriff, by whom the act of sale here attacked was executed, and the witness identified a certain book, as having been used by his father, as sheriff, and in which are pasted the advertisements, cut from the official paper, of property offered for sale for taxes, with a memorandum opposite each advertisement showing whether the property had been sold, and, if so, to whom. Counsel for defendant objected to> the testimony, identifying the book and explaining its purpose, on the ground that it was parol evidence, inadmissible to contradict the recitals of an authentic act. We are of opinion that the objection was properly overruled. The book was part of the record kept by the sheriff and was not parol evidence, and the testimony given to identify and explain its purpose was necessary, because it does not altogether explain itself. Moreover, the petition alleges that:
“The description of your petitioners’ property in the deed evidencing said adjudication, when the same was never assessed against your petitioner or adjudicated by the tax collector of the parish of St. Landry, was a fraud, practiced on them and vested no title to your petitioners’ property in said Elms.”
And a charge of fraud opens the door to oral as well as documentary evidence. No effort was made by the defendant to prove the taxes paid, and the court a qua in giving judgment for plaintiff reserved defendant’s rights with respect to such taxes. We think the judgment as rendered is correct, and it is accordingly
Affirmed.