LAND, J.
This is a petitory action in which the plaintiff alleges ownership of six *53 certain lots in the city of New Orleans. The lots claimed by the plaintiff were purchased by one Jean Delalondre in 1852, and in the ■act of sale were specifically described by numbers, square, measure, and location, according to a certain plan. Plaintiff contends that these same six lots were sold at tax sale ■and adjudicated to the state in the year 1885 for taxes assessed against the said Jean Delalondre.
[1] The tax deed contains the following description of the property adjudicated to the state:
“Certain lots of ground and improvement thereon in the Third'district of the city of New ■Orleans, in square No. 2891 to 3035, bounded by Elysian Fields, Gentilly Road, Pelopidas and Livingston streets; said lots front on Elysian Fields street.”
“Which said property was duly and legally assessed for 1882 and advertised in the name of Jean Delalande.”
The lots assessed and sold are described as fronting on Elysian Fields street. Delalondre owned no lot fronting on Elysian Fields street, which is not even mentioned in his title deed. The description otherwise calls for lots, number not stated, location somewhere in one or more of 144 squares bounded by four certain streets.
[2] The description fails to identify the six lots sued for or any other lots; and counsel for the plaintiff has attempted to identify therp by substituting the name of Delalondre for that of Delalande, the tax debt- or. The two surnames are different in orthography and pronunciation. The tax collector mailed the delinquent notice to Jean Delalande. There is no evidence before the court that the name Delalande was written for Delalondre through clerical error. The correct name of the tax debtor is all-important in tax assessments and proceedings, for the purpose of the notices required by the Constitution and laws of the state.
The utter incorrectness of the assessment im question demonstrates that the assessor, who made it, never read the title deed of Jean Delalondre.
The assessment of lots fronting on Elysian Fields street suggests some other property owner. The assessment was radically erroneous, and if there was also error as to the name of the tax debtor, the owner could not have received the notice to which he was entitled.
We, therefore, think that the judgment below is correct and should be affirmed; and it is so ordered, with costs of appeal.