(67 South. 951)

No. 20084.

BROCK et al. v. E. McILHENNY'S SON.

(Feb. 23, 1915. Rehearing Denied March 22, 1915.)

*(Syllabus by the Court.)*

1. DEEDS ⬅114—DESCRIPTION OF LAND—CONSTRUCTION.

There is no statute or rule of law providing that such a description as 50 acres of land in the northeast corner of a designated larger body of land means necessarily a square tract containing 50 acres.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 316–322, 326–329, 388; Dec. Dig. ⬅ 114.]

2. TAXATION ⬅764—TAX DEED—VALIDITY—DESCRIPTION OF LAND.

Such a description of land as 50 acres in the northeast corner of a large area constituting two tracts several miles apart is no designation at all; and a tax deed containing such description is absolutely null.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1519–1522; Dec. Dig. ⬅764.]

3. TAXATION ⬅804—TAX DEED—VALIDITY—PRESCRIPTION.

The prescription of three years cannot give validity to a tax deed that is null for want of a description by which the property can be identified.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1591, 1592; Dec. Dig. ⬅804.]

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; William J. Sandoz, Judge ad hoc.

Action by Jimmie Stewart Brock and others against the E. McIlhenny's Son. From a judgment for defendant, plaintiffs appeal. Affirmed.

Edward P. Veazie, of Opelousas (John W. Lewis, of Opelousas, of counsel), for appellants. Dudley L. Guilbeau, of Opelousas, for appellee.

O'NIELL, J. This is a suit to confirm a tax title, under the provisions of Act No. 101 of 1898. The plaintiffs are the surviving heirs and legal representatives of the deceased, J. T. Stewart, who purchased at a public tax sale, on the 9th of May, 1908, for the unpaid taxes of 1907, the following described property, viz.:

"50 acres of land in the northeast corner of the following property: 2165.56 acres of land, being lots 3 and 4 of section 25, east half of southeast quarter (E. ½ of S. E. ¼) section 35, lots 1 and 2 and west half of west half (W. ½ of W. ½) section 36, in T. 7 S., R. 3 E., west half of section 36, in T. 7 S., R. 3 E., west half of section 25, all of section 26, east half of section 27, east half of west half (E. ½ of W. ½) section 27; southwest quarter of northwest quarter (S. W. ¼ of N. W. ¼) and west half of southwest quarter (W. ½ of S. W. ¼) section 27, lots one, two, three and four, section 25, in T. 8 S., R. 3 E."

The above described lands consist of two tracts, one containing 379.52 acres described as lots 3 and 4 of section 25, E. ½ of S. E. ¼ of section 35, and lots 1 and 2 and W. ½ of W. ½ of section 36, in township 7 S., range 3 E., and the other containing about 1,800 acres, situated four miles south of the first tract, and described as the W. ½ of section 25, all of section 26, all except N. W. ¼ of N. W. ¼ of section 27 and N. ½ of N. ½ of section 35, in township 8 S., range 3 E.

The purchaser located the 50 acres of land described in his tax deed as a square containing 50 acres in the northeast corner of the N. W. ¼ of section 25, township 8 S., range 3 E.

The defendant contends that such a description as 50 acres of land in the northeast corner of 2,165.56 acres, comprising two tracts, four miles apart, does not identify or designate any particular tract of 50 acres, and that the alleged tax title is therefore null.

The district judge sustained the defendant's contention and dismissed the plaintiffs' suit, reserving their right to sue for the amount of taxes paid by them and their father.

The only reason assigned by the plaintiffs for locating the 50 acres in the northeast corner of the lower tract, instead of in the tract four miles further north, is that the latter tract is irregular in shape, and a square con-

taining 50 acres could not be located in its northeast corner. The deed, however, does not call for a square containing 50 acres. The strip designated as lots 3 and 4 of section 25, township 7 S., range 3 E., contains 32.52 acres. A line projected south from a point on the southern boundary of this section, so as to cut off 17.48 acres from fractional section 36, would, with the adjacent lots 3 and 4 of section 25, locate 50 acres in the northeast corner of the northern tract.

In fact, the tract claimed by the plaintiffs, as located by their father, is not square. A 35-foot public road extends along the eastern edge, cutting off 17.5 feet for a distance of 1,115.8 feet from the southern boundary. The 50-acre tract claimed is therefore laid off with a northern boundary of 1,489 feet, a southern boundary of 1,472.5 feet, and a western boundary of 1,475.8. Hence the tract is not square, including or excluding the portion which encroaches upon the public road.

[1] We know of no law declaring that 50 acres of land in a specified corner of a larger tract necessarily means a square tract with side lines bearing due north and south and east and west, each measuring 22.36 chains. The decisions to this effect by the courts of Alabama and Ohio are not founded upon any authority unless it be upon the statutes of those states. Forty acres in the northeast corner of a regular section might be understood to mean the N. E. ¼ of the N. E. ¼, according to official survey, but 50 acres in the northeast corner of a regular section might as well mean a right angle triangle measuring 31.62 chains on its north and east boundary line as a square measuring 22.36 chains on each side.

A court cannot perform the function of selecting the shape of a tract of land of a given area in order that it may pass by a deed of the stated number of acres in a certain locality.

[2] Such a description as 50 acres of land in the northeast corner of two larger tracts is no designation at all. The land supposed to be conveyed by such description cannot be identified.

[3] The asserted tax title is therefore absolutely null, and the prescription of three years invoked by the plaintiffs cannot give it validity. Skelly v. Friedrichs, 117 La. 679, 42 South. 218; Guillory v. Elms, 126 La. 566, 52 South. 767; Levy v. Gause, 112 La. 789, 36 South. 684.

The letters written by the president of the defendant company, offering to redeem the property by refunding the amount of taxes paid in the purchase of the 50 acres, with interest and penalties, did not operate as an estoppel or a recognition of the validity of the tax sale. The defendant owed and still owes the amount of the taxes paid by the plaintiffs' father; and in offering to pay it, the president of the defendant company did not recognize the plaintiffs' title to any specified 50 acres of land.

The judgment appealed from is affirmed.

MONROE, C. J., and LAND and SOMMERVILLE, JJ., concur in the decree.