O’NIELL, J.
Judgment was rendered in the district court in favor of the plaintiff in this petitory action, recognizing her title to four lots of ground in the possession of the defendant, designated as lots A, B, C, and D in the square bounded by Villere, Robertson, Elmira, and Desire streets, in' the Third district of New Orleans. The judgment was affirmed'by the Court of Appeal, and the case is before us on writs of certiorari and review^
The plaintiff presents an unbroken chain of title by mesne conveyances from Edward Pilleul, who purchased the property on the 30th of July, 1860.
The defendant acquired from Bert Champion, who acquired from Philip G. Veith, who claimed title by purchase from the auditor of public accounts of the state of Louisiana on the 1st of December, 1905. The defendant relies upon two tax deeds to the state, dated the 24th of February, 1885, for the unpaid taxes of 1882 and 1883, respectively, assessed in the name of Ed. Pilleul, and also relies upon a forfeiture to the state for delinquent taxes of the years 1871 to 1877. The defendant pleads the prescription of three years, under article 233 of the Constitution.
[1] In the two tax deeds to the state, dated the 24th of February, 1885, for delinquent taxes of 1882 and 1883, the property conveyed is described as:
“Seven certain lots of ground and improvements thereon in the Third district of the city of New Orleans, in square 601, bounded by Desire, Villere, Elmira, and Urquhart streets;, said lots front on Desire street, assessed to Ed. Pilleul.”
The four lots in contest, formerly belonging to Edward Pilleul, adjoin one another, have a front of 33 feet 2 inches each on Villere street by the uniform depth of 120 feet between parallel lines, and are" at the corner of Elmira street. These lots are not easily-identified by the foregoing description in the-tax deeds to the state. However, we find in the record an auditor’s deed by which the state sold to Bliss A. D. Carroll, on the 21st of November, 1902, the lots and improvements described in the two tax sales to the state, dated the 24th of February, 1885. Bliss A. D. Carroll’s deed was properly recorded on the 28th of November, 1902. She intervened in the sale from the estate of Edward Filleul, and transferred to the plaintiffs’ author in title all of the rights which she had acquired by the auditor’s deed dated the 21st of November, 1902. The state did not after-wards reacquire the property sold to Miss Carroll by the auditor on the 21st of November, 1902. Hence the state could not convey title to that property to Philip G. Veith by the deed dated the 1st of December, 1905. In this latter deed, the property is described as follows:
“Certain lots of ground and improvements thereon in the Third district of the city of New Orleans, in square No. 601, bounded by Elmira,. Desire, Villere and Robertson streets; said lots front on Elmira street. Said aforedescribed property was adjudicated to the state of Louisiana on February 25, 1885, as the property of August Girod.”
The lots in contest, which belonged to Edward Pilleul from 1860 to 1906, could not be-conveyed or identified by the foregoing description, as the property of August Girod.
The only evidence. of a forfeiture to the state for delinquent taxes is a certificate of the deputy recorder of conveyances, certifying:
“That there is on record in the office of the register of conveyances, parish of Orleans, the *573 delinquent list of state taxpayers for the Third district of the parish of Orleans, for the year 1876, said list being known as Book No.in said office, and that, on page 62 of said delinquent list of said district for said year is the following entry, to wit: ‘Name, Girod, Aug. Description of Property, Lot-Square 601, street --, Dimensions-, Boundaries, Elmira, D'esire, Villere, Robertson, Assessment $200. Tax, $2.90.’ ”
The four lots in contest, which belonged to Edward Filleul in 1876 and continuously for the 16 years preceding, cannot be identified by such a description as:
“Lot - in square 601, bounded by Elmira, Desire, Villere and Robertson streets, assessed in the name of Aug. Girod.”
There is no evidence in the record to show what lot, if any, August Girod owned in square No. 601. We find a certified copy of the assessment rolls of 1875 and 1876 and of the delinquent list for 1877, showing that one lot measuring 30x120 feet in square 601 was assessed to Aug. Girod in 1875 and 1876. This document appears to be attached to the plaintiff’s brief filed in the Court of Appeal. It was not offered in evidence, and cannot be considered as evidence in the case. The records introduced in evidence, however, do show that Auguste Girard acquired from the Widow B. Douyille, in 1856, 11 lots of ground in the square then designated as square 21 of Faubourg Montreuil; that is, the square adjoining square No. 601, in which the Filleul lots in contest are situated. And in the transfer by Philip G. Veith to Bert Champion (the defendants’ immediate vendor), the 11 lots described as in square No. 601 are said to have been “acquired by sheriff’s deed by Auguste Girard from Widow B. Douville, December 13, 1856,” etc., and they are situated in the square adjacent to square No. 601.
[2] In support of the plea of prescription, the defendant’s counsel cite the decision of this court in Weber’s Heirs v. Martinez, 125 La. 663, 51 South. 679, to the effect that such a description as:
“Certain lots of ground and improvements in the Third district of New Orleans, in square-No. 1179, bounded by New Orleans, Liberty, St. Bernard and Force streets; said lots front on New Orleans street; which said property was duly and legally assessed for the taxes of 1885, * * * in the name of Anton Weber’
—sufficiently identified and described all of the lots of Anton Weber fronting on the street and situated in the square designated. The decision cited would not be a precedent for holding that such a description as “certain lots (in a designated square), adjudicated to the state, on the 25th of February, 1885, as the property of August Girod,” describes or identifies the lots that then belonged to Edward Filleul and never belonged to August Girod.
Although article 233 of the Constitution declares that a tax sale shall not be set aside-after three years from the recording of the deed, for any cause except on proof of dual assessment or payment of the taxes, it goes without saying that this prescription cannot give validity to a tax deed that is null for want of a description by which the property can be identified. Brock v. McIlhenny’s Sons, 136 La. 903, 67 South. 951; Shelly v. Friedrichs, 117 La. 679, 42 South. 218; Guillory v. Elms, 126 La. 566, 52 South. 767; Levy v. Gause, 112 La. 789, 36 South. 684.
The judgment is affirmed, and proceedings, in this court dismissed at the cost of the defendant, applicant.