# 8215

| XETER REALTY, LIMITED | : | No. 8215 |
|---|---|---|
| versus | : | COURT OF APPEAL |
| FELIX J. DREYFOUS | : | PARISH OF ORLEANS |

WILLIAM A. BELL, JUDGE:

Court of Appeal
Parish of Orleans
FILED 30/22
Stansbury

8215

BY: WILLIAM A. BELL, JUDGE.

On June 20, 1917, under Act 38 of 1908, plaintiff brought suit against defendant to be declared owner of the following described property *as described in Plaintiff's petition*;

> " A Certain lot or portion of ground, situated in the Third District of the City of New Orleans, designated as Lot No. 9 of Square No. 108 (now Square No. 1377), bounded by Frenchman, Law, Magistrate (now N. Dorgenois), and Elysian Fields Streets, measuring 64 feet on Frenchman Street by 128 feet in depth, forming the corner of Law and Frenchmen Streets."

The petition alleges that Felix J. Dreyfous, defendant herein, has caused to be registered in Book 193, Folio 582 of the Conveyance Office for the Parish of Orleans, a written title to said property, and under the Act of the Legislature aforesaid, prays for judgment over and against defendant, adjudging and declaring petitioner's title to said land to be valid and recognizing it as the sole owner thereof in perfect ownership.

Petitioner claims to have purchased this property, on December 6, 1905 from the State of Louisiana under Auditor's deed on said property assessed against Gabriel Lavieand duly registered in the Conveyance Office of this Parish, on March 23, 1906, and that title to same was duly confirmed in the year 1910 in favor of petitioner, against Gabriel Lavie and all previous owners, by judgment of the Civil District Court for the Parish of Orleans in proceedings No. 92757 of the Docket of said Court, entitled "Xeter Realty Limited versus Geo. Wheeler, Wm. Green, et als," said proceedings and judgment being all in accordance with Act 101 of 1898.

Defendant specially denies that the Auditor's Deed relied upon by petitioner as his origin of title relates to the above described property, but that, on the contrary, said Auditor's Deed describes the property as "Lot No. 12 fronting on Elysian Fields Street", while defendant's property is Lots Nos. 1 and 2 on Frenchmen Street, forming the corner of Law and Frenchmen Streets, and was purchased by him from August Huard, before M. V. Dejan, late

369

Notary, July 1, 1904.

At the outset, whatever difficulties these contentions present, it should be here noted that the abstract of titles, the deeds, judgments and other records offered in evidence as well as the admissions found in counsels' briefs, establish as undisputed facts, the following:

That both parties contend for the property in question (however, *variously described* by mesne 'convyances' from Mrs. Marianne Dragon, wife of Andre Dimitry, who, owned on June 17, 1834, the following property:

> "Lots 9, 10, 11 and 12 of Square 108 in the Suburb Marigny, measuring each 60 feet front on Frenchman Street by 120 feet in depth, as per plan of City Surveyor, June 18, 1830, in Office of C. Pollock, Notary Public."

That by act before O. de Armas, Notary Public, dated June 18, 1834, and duly registered, Mrs. Dimitry sold Lot No. 9 of the above property to Alex Dimitry and on May 30, 1840, by Marshal's Deed duly registered, Alex Dimitry sold said Lot 9 to Gabriel Lavie.

That on March 22, 1848, before A. de Armas, Notary Public, Mrs. Dimitry sold the remainder of her original tract, to-wit: Lots Nos. 10, 11 and 12 to Joseph Lumbard, said lots in said deed duly registered, being subdivided,

> into six lots numbered 1 to 6 on a plan by T. Brilli, dated February 20, 1848, being plan No. 31, Book #2 in office of O. de Armas, each Thirty-one feet, eleven inches, six lines (31' 11" 6''') and fronting on Frenchmen Street by One Hundred Twenty-seven feet, ten inches, five lines (127' 10" 5''') deep, Lot #1 forming corner of Law and Frenchmen Streets and other lots adjoining.

On March 18, 1885, Lot No. 12 in Square No. 1377 (being the new number of Square 108), measuring according to the assessment rolls and tax deed, sixty-four feet (64') front on Elysian Fields Street by One Hundred twenty-eight feet (128') in depth, was sold by the State Tax Collector, for the delinquent taxes of 1882, assessed in the name of G. Lavie, to the State of Louisiana.

Petitioner contends for a title against the world and particularly against defendant herein, upon the argument that the

judgment of confirmation obtained in 1910 and duly recorded passed to it an unequivocal title translative of property and in all respects as complete and unattackable as a conventional title. It is further contended that even if defendant can be said to have a semblance of title to the property in question that petitioner's title dating from 1834 is the more ancient one, and must prevail against defendant's source of acquisition in 1848, fourteen years later. The prayer of the petition is for recognition of his title as the superior one for reasons just stated, but relief can be granted only upon indisputable evidence, with full burden of proof upon petitioner, that strength of its title, not the weakness of defendant's, impels the decree asked for.

Considering the first contention that confirmation of the tax title is as conclusive as a conventional deed, we find from innumberable well considered authorities, as well as the letter of the statute, Act 101 of 1898, that this is only true if it be proven the tax title submitted for judicial confirmation was predicated upon strict observance by the Sovereign authority, or its officers, of all formalities and regularities required in the tax adjudication or prior assessments or forfeitures. We find difficulty, indeed are unable, to fit these conditions to the facts before us. G.Lavie's original title involved in the assessment forfeiture and ultimate sale by auditor's deed to the Xeter Realty Company is described as "Lot #9 fronting Frenchmen Street", at the date of Lavie's acquisition from Dimitry. This is also true in the deed of Alex Dimitry to Mrs. Dimitry conveying Lots 9 to 12 inclusive, and also in the Marshal's deed to Lavie, but by some error, which must be attributed, (if it be error) to the officials concerned in the subsequent assessment forfeiture and sale, we find that from 1834 to 1910 (the date of judgment of confirmation), though G. Lavie was never owner of record to but one lot in Square 108, Suburb Marigny, to-wit: Lot 9 fronting Frenchmen St., that the assessment, forfeiture and sale thru auditor's deed, relate to–

371

property in his name, it is true, but in relation to property described only and always in said proceedings as Lot 12, fronting on Elysian Fields Street. It must be further noted that neither Lot No. 9, nor Lot 12 in Square 108, bounded by Frenchmen, Law, Elysian Fields and N. Dorgenois Streets, is shown by abstracts, official deeds, plots or plans or fields notes offered in evidence, to have ever formed or been situated upon the corner of Frenchmen and Law Streets in said Square.

We are not called upon to decide here, what plea, if any G. Lavie or his author in title could ever urge against petitioner's title by confirmation, nor whether they or their heirs could question the same, despite the irregularities above noted-- Rousel et al. v. Railway Realty Co., 132 La. 379.

It is, however, founded upon common sense, and fortified by endless jurisprudence, that no Statute such as Act 101 of 1898, looking to the quieting of tax titles, can be pleaded as conclusive against parties not cited in the confirmation proceedings contemplated under the Statute. This was clearly stated in Roussel case, notwithstanding the fact that the confirmation judgment therein obtained against defendants was rightly declared to be conclusive in favor of Roussel and his authors in title.

Counsel for petitioner has stressed in argument and brief, the case of Hamburger Jr. v. Purcell, 139 La. 456, but analysis of this case shows it is not applicable here, for the reason that heirs of parties duly cited, thru a curator ad hoc, not strangers, to the confirmation proceeding therein taken, were seeking to annul the judgment confirming title. Similar facts are also found in Clayton v. Quaker Realty Co. Ltd., 128 La. 103.

These cases as well as the ruling made by this Court in Xeter Realty Ltd. v. Joseph F. Martinez #7861, are not applicable and do not support counsel's contention as to finality of petitioner's confirmation title, for the reason that defendant has never been cited or in any manner made party to the suit brought in 1910.

The present suit has been brought by petitioner under Act No. 38 of 1908, which provides for an action to establish title

to real estate where neither parties, tho' claiming under recorded titles, are in actual possession of the land claimed. The Supreme Court of Louisiana interpreting this Statute has said:

> "An action, in which plaintiff seeks to recover and prays to be decreed the owner of real estate, and which purports to be brought under Act No. 38, of 1908, differs from a petitory action only in the allegation that defendant is not in possession. It does not differ from a petitory action in the matter of the obligation of the plaintiff to establish the title set up by him."
> Davidson v. McDonald, 131 La. 1047.

With this requirement before us and after discussion, as above set forth, of petitioner's apparent irregular and uncertain title, it is proper to note the nature and development of defendant's title which is now challenged.

The whole controversy is over that portion of land unimproved and unoccupied, which is more particularly described in defendant's deed, (duly recorded), as "Lots 1 and 2 (being portions of a tract comprising Lots 1 to 6), comprising:

> "Six certain lots of ground, etc., in the Third District of this City, in Square No. 1377, bounded by Frenchmen, Law, Elysian Fields and Dorgenois Streets, designated by the Nos. One to Six, both inclusive, in the new Suburb Marigny, as per plan drawn February 20th, 1848, by Tobin Brille, Surveyor, etc., which said lots of ground measure each Thirty-one feet, eleven inches, and six lines (31' 11" 6''') front on Frenchmen Street by a depth of One Hundred and twenty-seven feet, ten inches and five lines (127' 10" 5'''), between parallel lines. Lot No. One (1) forms the corner of Frenchmen and Law Streets. The said lots of ground are formed from the lots of ground numbered Ten, Eleven and Twelve (10, 11 and 12) of Square No. 108, on the original plan of said New Suburb Marigny."

Defendant's title to the above described property is shown from the evidence in this case, to have been acquired by him July 1, 1904, from August Huard by notarial deed duly recorded and is traced thru several notarial deeds, each duly recorded, and each containing identical and consistant description as above given, down to Joseph Lombard who acquired from Marianne Andre Dimitry by act before O. de Armas, Notary Public, on March 22,1848. It is also shown that defendant has paid all taxes and certain paving claims for sidewalks, on said property since his acquisition, and that said property from 1890 to 1902 was assessed in the name

of Jos. Lombard who paid all taxes for said years and that said property was not assessed to any one from 1869 to 1889 inclusive. All other lots than lots 1 and 2 being part of the original lots 10, 11 and 12 on the aforesaid plan of Brille, have been sold by defendant. His good faith is not questioned in these proceedings and the tax researches annexed to his deed, filed in evidence, show that this property was not assessed for the years 1882 and 1883, those years for which the G. Lavie property described as "Lot 12 fronting on Elysian Fields St." was assessed and sold.

The unauthenticated blue print or plan offered at the trial in the lower court, by petitioner, and submitted over defendant's objection, proves nothing as a document authenticating title to real estate, but even if admissable, it cannot be said to identify Lots 1 and 2 (claimed by defendant, and forming, as declared in his deed, "the corner of Frenchmen and Law Street"), with either "Lot 9 on Frenchmen Street" or Lot 12 on Elysian Fields STreet, the property or properties alleged to have belonged to G. Lavie, one of petitioner's authors in title.

It follows from these considerations that defendant's title is certainly clear and unequivocal, while petitioner's title (not unequivocal as against defendant is at best clouded by evident errors and irregularities, which cannot be validated by the confirmation proceedings relied upon;(Armheim v. Nylka Land Co. 137 La. 570.) Though it be admitted for sake of argument that petitioner's title is the more ancient one, it cannot be denied, as against this recorded owner whose title he challenges after thirteen years of defendant's public ownership and after six years of his own reposeful title in "Lot 12 fronting on Elysian Fields Street", that neither equity nor law will award him a better title because of his earlier acquisition; (Sheen v. Hain, 141 La. 606.

Under the authority of Chamberlain v. Abadie, 48 Ann. 589, and for lack of conclusive evidence of interrupted corporial

possession in defendant (which if a fact and if pleaded would have avoided this extensive litigation), we cannot find any merit to the prescription herein pleaded by respondent.

JUDGMENT AFFIRMED.