HOVARTH v. EPPLING

------

(Jan. 31, 1927. Opinion and Decree.)
(Feb. 28, 1927. Rehearing Refused.)
(March 28, 1927. Writ of Certiorari and Review Granted by Supreme Court.)
(July 27, 1927. Writ of Certiorari and Review Recalled by Supreme Court.)

------

(*Syllabus by the Court*)

1. **Louisiana Digest—Taxation—Par. 276, 332, 358, 360.**
When the description in an advertisement for a tax sale is insufficient to identify the property intended to be sold nothing passes to a purchaser by virtue of the sale. Nor is such a sale protected by Article 233 of the Constitution of 1898.

2. **Louisiana Digest—Taxation—Par. 357, 360.**
Neither the sheriff nor subsequent purchasers can change the description of

the property advertised so as to give it a description sufficient to identify the property.

Appeal from Civil District Court. Div. "F." Hon. Percy Saint, Judge.

Action by Steve Hovarth against Henry D. Eppling et al.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Josiah Gross, J. A. Morales, of New Orleans, attorneys for plaintiff, appellant.

Percy S. Benedict, of New Orleans, attorney for defendant, appellee.

Judge Westerfield takes no part.

OPINION

CLAIBORNE, J. This is a suit to establish a tax title.

The plaintiff alleged that he is the owner and in possession of the following property:

A portion of ground situated in the Sixth District of this city, designated as Lot A of square 694, bounded by Derbigny, Claiborne, Napoleon Avenue and Berlin Streets, measuring 60 feet front on Derbigny Street by 137 feet 6 inches deep, according to a sketch annexed.

1st. That he acquired this property from the Galvez Realty Company by act of Josiah Gross, notary, dated July 14, 1923.

2nd. That the Galvez Realty Company acquired from the Tulane Investment Company by act of Josiah Gross, dated January 12, 1923.

3rd. That the Tulane Investment Company acquired from J. A. Morales by act of Josiah Gross, dated August 5, 1920.

4th. That J. A. Morales acquired at a sale made by the tax collector for the City of New Orleans for the taxes of 1917 assessed in the name of Eureka Homestead Society by act of John Legier, notary, dated June 7, 1920, all according to copies of acts annexed.

5th. That the Eureka Homestead Society by act of Percy Benedict, notary, dated April 8, 1922, sold the same to Henry P. Eppling who never was in actual possession thereof.

That plaintiff and his authors have had undisputed possession of said properties for more than three years, and that the tax title above mentioned has been quited and confirmed by the prescription of three years by Article 233 of the Constitution of 1898.

Plaintiff prayed for judgment confirming his title and recognizing him as the owner of the property described therein.

The defendant pleaded that the petition "sets forth no legal right or cause of action."

The exception was maintained and the suit dismissed.

Plaintiff appealed.

The exception was based upon the alleged erroneous and misleading description of the property as assessed and as advertised and sold for the city taxes of 1917 and not sufficient to identify the property.

"When the description in a tax deed is insufficient to identify the land sold, nothing passes by virtue of the sale." Mouton vs. Southern Saw Mill Co., 138 La. 813 (823), 70 South. 813; Amrhein vs. Nylka Land Co., 137 La. 570, 68 South. 957; Brock vs. McIlhenny's Son, 136 La. 903, 67 South. 951; Quaker Realty Co. vs. Guibilati, 136 La. 52, 66 South. 394; Gomez vs. Wilde, 135 La. 204, 65 South. 109; Levy vs. Gause, 112 La. 789, 36 South. 684.

In Quaker Realty Co. vs. Guibilati, 136 La. 52, 66 South. 394, the court said: "The lots assessed and sold are described as fronting on Elysian Fields Street, Delalondre owned no lots fronting on Elysian Fields Street."

In Guillory vs. Elms, 126 La. 560, 52 South. 767, the court said on page 566:

"Of course an assessment without an identification of the property attempted to be assessed is no more possible than is the cooking of an uncaught hare, and where one piece of property is described in an assessment and advertised, it cannot be said that another piece is thereby identified, assessed and advertised, and that any authority is thereby conferred on the sheriff or tax collector to sell such other piece for taxes; and as we have said without authority he cannot make a sale for taxes within the meaning either of Article 233 of the Constitution or of any other provision of law."

In the case of Gouatux vs. Beaulieu, 123 La. 684, 49 South. 285, a difference between a "misdescription" and an "uncertainty" was pointed out.

In Weber vs. Martinez, 125 La. 663, 51 South. 679, it was said on page 668:

"If the description had read 'A certain lot and etc.,' a different situation would be presented as Weber owned several lots, and it would be impossible to determine which of them was intended."

In Shelby vs. Fredrichs, 117 La. 686, 42 South. 218, it was said:

"Although Article 233 of the Constitution of 1898 provides no exception for defective descriptions, wanting in all the elements of description, cannot be held as good at all if it has no feature of legal certainty. Decisions of this court sus-

tained the rule that an assessment is fatally defective and void if it contains such a falsity in the description or designation as renders identification not reasonably possible," quoting six authorities.

It has been held that:

"The Constitutional prescription of three years cannot give validity to a tax deed which is void for want of a description by which the property can be identified." Mouton vs. Southern Saw Mill Co., 138 La. 813, 70 South. 813; Amrhein vs. Nylka Land Co., 137 La. 570, 68 South. 957; Brock vs. McIlhenny's Son, 136 La. 903, 67 South. 951; Guillory vs. Elms, 126 La. 560 (566), 52 South. 767; New Orleans Land Co. vs. Nat'l Realty Co., 121 La. 200, 46 South. 208.

The tax deed for Eureka Homestead Society to J. A. Morales describes the property advertised and sold for taxes of 1917 as:

"A certain lot of ground and improvements thereon situated in the Sixth District of the City of New Orleans, designated as A lot in square No. 694 bounded by Derbigny, Napoleon Avenue, Claiborne and Berlin Streets and measures 55 feet front on S. Claiborne Street by 137 feet in depth."

The lot claimed by plaintiff in this case is alleged to be in the above square but is described as "measuring sixty feet front on 'Derbigny Street' by 137 feet 6 inches deep."

The two acts of sale by Morales to Tulane Investment Company, and by Tulane Investment Company to Galvez Realty Company continue the same description of 55 feet front on "S. Claiborne Street".

But the last act of sale by the Galvez Realty Company to the plaintiff herein, Steve Hovarth, changes the description and makes the lot front 55 feet on Derbigny Street "instead of Claiborne Street" and further describes it as the same identical property which the vendor, the Galvez Realty Company acquired from the Tulane Investment Company.

Such a change of front, of course, was unjustified and illegal. It is attempted to be justified upon the ground that it "follows more accurately the survey of Eustis and Bres which described the lot as measuring 60 feet on Derbigny instead of 55 feet on Claiborne."

The collector of taxes could sell only the property he had advertised, and the purchaser at tax sale and the subsequent purchasers from him could acquire only what he had purchased and owned.

The change in the description was entirely unauthorized.

In the case of Guillory vs. Elms, 126 La. 560, 52 South. 767, the court said:

"Where property not susceptible of identification from the description on the assessment and advertisement purports to have been adjudicated for taxes and the adjudicatee, preparing the act of sale inserts a description which identifies property of which he subsequently claims possession under such deed, he must be held to be a possessor in bad faith."

In Ramos Lumber Co. vs. Labarre, 116 La. 559, 40 South. 898, the syllabus reads:

"The tax title which plaintiff sets up to this particular tract of land did not cover and extend to it. No part of it was included within the boundaries given either in the assessment, the advertisement, the adjudication, or the sheriff's deed of sale. Subsequent purchasers were without power or authority by giving, as between themselves, additional boundaries to the land adjudicated at tax sale and effect which the sale itself did not have, and make it serve as the basis for prescription. The tax proceedings had to stand or fall as made. They could not be reformed after they had been closed by either the tax collector or subsequent

purchasers, without the consent of the owner. The prescription of three years under the Constitution of 1898, Article 233, is held for reasons assigned to have no application." In the body of the opinion on pages 579, 580 and 581 we read: "Had it taken any other land than the land advertised, offered for sale, and adjudicated, it would have been guilty of a tort and taken the property of its citizens without due process of law. Had the State officers intended, as they did not, they could have changed the thing sold from that which was advertised and offered for sale and adjudicated to some other lands.

"If there has been error, the error is fatal and cannot be corrected by ex parte consent proceedings to which the owner has not consented to and been privy."

The assessment roll for the year 1917 shows that the Eureka Homestead Society was , assessed for a number of lots on Napoleon Avenue, Derbigny, and S. Claiborne Streets bearing Nos. 2 to 11.

We conclude therefore the plaintiff's authors having a title only to a lot on Claiborne Street could confer upon plaintiff no title to a lot on Derbigny Street, and that if the intention of the tax collector was to sell a lot on Derbigny Street that his advertisement and adjudication were not only uncertain in description but misleading and could confer no title upon a purchaser and that the title of the purchaser at the sale was therefore not protected by Article 233 of the Constitution of 1898.