OVERTON, J.
 

 This is a suit, sounding in damages for the manufactured value, less the cost of manufacture, of 1,550,000 feet of pine timber, alleged to have been tortiously cut, removed, and manufactured into lumber by defendant from the S. 14 of the N. W. 14 of sec. 5 Tp. 2 N., R. 6 W., claimed by plaintiff to have been owned by him. including the timber thereon, at the time the latter was cut and removed.
 

 In 1914, the Gould heirs sold the foregoing tract of land to E. T. Hall, reserving, however, the timber on it, the same to be cut and removed within ten years, and, in 1918, they sold the timber to defendant. In 1920, E. T. Hall sold the land to J. L. Hall. On December
 
 7,
 
 1923, J. L. Hall sold the land to defendant. By this purchase, defendant became the owner of both the land and the timber.
 

 AVlien the land was sold with a reservation of the timber, two estates were thereby created; one consisting of the land, and the other of the timber thereon. In 192.3, the timber was assessed to defendant and the land to
 
 3.
 
 L. Hall in separate and distinct assessments, for, on the first of January of that year, the former was the owner of the timber, and the latter was the owner of the land. Defendant, it is conceded, paid the taxes on the timber for that year, but it is urged that the taxes were not paid on the land for that year. In 1924, the land was advertised at tax sale and adjudicated to plaintiff for the taxes of 1923, under the assessment made in the name of J. L. Hall, who was the record owner at the time the assessment was made, for the sum of $10.99. In 1925, the land was sold again at tax sale in the name of J. L. Hall, as tax debtor, to plaintiff, for the taxes of 1924, which, including interest and costs, amounted to $12.45.
 

 In 1929, plaintiff obtained a judgment confirming his tax title. Defendant was not a party to that proceeding. In the same year, though following the judgment of confirmation, plaintiff sold the land; a part to J. R. Mayo, and other parts to J. R. and I. O. Hall, reserving to himself, however, in each deed, all his rights for the alleged cutting and removal of the timber.
 

 The defenses to the suit are that the two tax sales, under which plaintiff claims title to the property, are null and void; that the judgment confirming the tax sales is not binding on defendant; and, as a consequence, plaintiff did not have title to the timber, and therefore cannot recover for its removal.
 

 It is urged by plaintiff that the attack on the tax sales must fall, because his vendees are not parties to the suit, and without them the sales cannot be annulled. However, it must be remembered that these vendees have no interest in the claim here sued upon, for not only had the timbet been cut and removed from the land when they purchased, but plaintiff, in his deeds to them, expressly reserved .the claim for the timber cut and removed.
 

 There is no reason why a defendant, when confronted with a claim for timber cut from land, to which he asserts title, cannot attack tax sales, upon which the plaintiff’s claim rests, although the present owners of the denuded land are not before the court. In such case, the decree will not affect the owners of the denuded land. The title to the timber is alone involved in the defense.
 

 The fact that the tax titles were confirmed by judgment of court is of no avail to plaintiff in this case. The confirmation does
 
 *1004
 
 not prevent defendant from showing defects in the tax sales, for defendant, not having been a party to the suit to confirm, is not bound by the judgment. Roussell v. Railways Realty Company, 132 La. 379, 388, 61 So. 409, 833.
 

 We now reach the validity of the tax sales, so far as they may affect the timber. On the first of January, 1923, and practically throughout the year, defendant was the owner of the timber, and J. L. Hall was the owner of tfie land; The assessor for that year, which is the year for the taxes of which the first sale was made, correctly assessed the timber to defendant and the land to Hall. Defendant, as we have said, paid its taxes for that year on the timber, but it is urged the taxes on the land were not paid, and hence the tax sale, which resulted in the adjudication to plaintiff, was made.
 

 As it will be recalled, in December, 1923, which was prior to the tax sale, defendant bought the land from J. L. Hall, and thereby merged the estate in the timber with the estate in the land, which was the condition of the property prior to the separation of the two estates. Plaintiff urges that, because of this merger, the payment of the taxes on the timber did not have the effect of preventing the timber from following the sale of the land, or, in other words, that the sale of the land necessarily included the sale of the timber, notwithstanding the payment of the taxes on the timber,- ^s a separate estate.
 

 However, this contention cannot be correct, where, at the time of the assessment, the -two estates were in existence. The two estates continued for the purpose of collectifig the taxes, under the assessments made of each, and the payment of the taxes on one protected the tax debtor as to the estate on which the payment was made. Hence, all that plaintiff could have acquired by the tax sale was the land itself, the title to which is not involved here. Under such circumstances, should the sale of the land be valid, the owner of the timber would have a reasonable time within which to remove it.
 

 The second tax sale was made under an assessment, assessing the land to J. L. 1-Iall, as in fact was the first, as denuded pine land,'class B; for the sum of $289- At the time of the assessment, the timber had not been cut and removed. By the use of the word “denuded,” the assessment shows that the timber was excluded from it, and this is supported by the extremely small amount, $280, at which the land was assessed, for the land with the timber on it was worth exceeding $10,000. When plaintiff went to the tax sale to buy the property, the land was of record in his name, as owner, by virtue of the first tax sale. He was then claiming ownership of it, as well as of the timber, by reason of that sale. When he bid, and the property was adjudicated to him, he acquired.no new title, but the result was a mere payment of the taxes on the land itsjelf, which was alone assessed.
 

 The defects in the tax sales considered, namely payment prior to sale and want of assessment, are not cured by the peremption of three years established by the Constitution. Const. 1921, art. 10, § 11; Guillory v. Elms, 126 La. 560, 52 So. 767; Hollingsworth v. Schanland, 155 La. 825, 836, 99 So. 613.
 

 Our conclusion is that the tax sales, in so far as they may affect the title to the timber, are null and void, and therefore that plaintiff’s claim for damages should be rejected.
 

 ■ There are other alleged defects in the tax sales urged by defendant, but we find it unnecessary to consider them.
 

 Plaintiff urges that he is entitled to judgment for the amounts paid by him at the tax
 
 *1006
 
 sales for the property, with penalties thereon. He has also asked for the taxes paid by him on the property since the time of the last tax sale up to the year 1929.
 

 It will be borne in mind that the tax sales have been annulled only in so far as they purport to affect the timber. Plaintiff is not entitled to the amount paid at the first tax sale, because, if for no other reason, the taxes on the timber, the property involved here, were paid prior to the tax sale. He is not entitled to the amount paid at the second tax sale, because the timber was excluded from the assessment, and he paid nothing on it. As to the taxes claimed, it suffices to point out that it is impossible to say, what, if anything, was paid on the timber and what on the 'land.
 

 The trial judge rendered judgment rejecting plaintiff’s demand, and annulling and cancelling the tax sales, in so far as they affect the timber. There is no error in the judgment.
 

 The judgment is affirmed.