144 So. 131

**CLAIBORNE v. LEZINA et al.**

No. 30236.

May 23, 1932.

On Rehearing Oct. 31, 1932.

Frederick Veith, of New Orleans, for appellant.

Raymond Gauche, of New Orleans, for appellees.

BRUNOT, J.

This is a suit to confirm a tax title. The property the tax deed purports to convey was assessed, for the year 1921, in the name of the then record owner, the New Orleans Homesite Company, Limited. It was sold on June 12, 1922, at a delinquent tax sale, to Lydia H. Rush, for the taxes due thereon to the city of New Orleans for the year 1921. The property was described in the assessment and tax deed as follows:

"A certain lots of ground Orleans, designated as Lots No. ——— Third District of the City of New Orleans, designated as Lot No. ———, in Square No. 579, bounded by Egania, Villere, Robertson, Andry, and measure var. feet front by var. feet in depth."

In 1928 Lydia H. Rush, who does not appear to have ever owned any property in the square bounded by Egania, Villere, Rob-

ertson, and Andry streets, except such as she may have acquired by the said tax deed, sold to the plaintiff the following described property:

"Sixteen certain lots of ground and improvements thereon, situated in the Third District of the City of New Orleans in the Square bounded by Andry, Egania, Villere and N. Robertson streets and designated as Lots Nos. 5–6–10–11–12–13–14–15–16–17–20–21–22–23–24 and 25 in Square No. 579, Lots 5–6 & 10 Measure each 31 feet front on Andry Street by a depth of 112′ 2″. Lot No. 11 forming the corner of Andry and N. Robertson Streets measures 31′ 2″ front on Andry Street by a depth and front on N. Robertson Street of 112′ 2″. Lots Nos. 12–13–14 measure each 30 feet front on N. Robertson Street by a depth between parallel lines of 170′ 3″. Lot No. 15 forming the corner of N. Robertson and Egania streets measures 31′ 2″ front on Egania street by a depth and front on N. Robertson street of 112′ 2″. Lots Nos. 16–17–20–21–22–23 and 24 measure each 31 feet front on Egania street by a depth between parallel lines of 112′ 2″. Lot No. twenty-five forming the corner of Egania and Villere streets, measures 31′ 2″ front on Egania Street by a depth and front on Villere street of 112′ 2″. Acquired C. O. B. 351, Fo. 504."

The New Orleans Homesite Company, Limited, was the record owner of said property on January 1, 1921. Hypolite Lezina acquired the sixteen lots on July 21, 1921, at a sale thereof had in the execution of a judgment obtained by Frank Twomey against the New Orleans Homesite Company, Limited. This sale was recorded September 3, 1921. Lezina

thereafter sold lots 5 and 6 to Arthur Talley. It is because of this sale to Talley that he is made a defendant in this suit.

It will be noted that in the sale by Lydia H. Rush to the plaintiff the origin of his vendor's title is given as the tax deed which he seeks to confirm, and also to have himself recognized as the sole owner of said property and to have the defendants enjoined from asserting any right to or interest therein.

The defendants excepted to the petition as not disclosing a right or cause of action, and, reserving all rights under the exceptions, filed separate answers to the suit. Both defendants allege the nullity of the tax deed for three reasons, viz. insufficient description of the property; payment of the taxes due thereon for the year 1921, prior to the expiration of that year; and nonservice of notice upon the record owner. Both defendants reconvened. Hypolite Lezina prays, in reconvention, to be recognized as the owner of the property, except lots 5 and 6, and prays, in the alternative, for judgment for $634.59, the sum of the taxes paid by him on said property, with interest thereon, and Auther Talley prays to be recognized as the owner of lots 5 and 6, and, in the alternative, for judgment for $168.32, with interest thereon, for the taxes paid by him on said lots.

The trial judge maintained both exceptions, dismissed the suit with costs, and the plaintiff appealed.

Appellant has not followed up the appeal. He has not made an appearance in this court or filed a brief in the case.

In our consideration of the exceptions, we must confine ourselves to the allegations of the petition and the facts disclosed by document annexed to or filed in connection therewith. The tax deed it is sought to confirm is attached to and made a part of the petition. The recitals of the deed are therefore controlling, and the description of the property it purports to convey is quoted, supra.

It is alleged in the petition that the property involved in this suit was acquired by the New Orleans Homesite Company, Limited, from the Egania Realty Company, Limited, on June 22, 1912, and that it remained the record owner of the property until September 3, 1921. Therefore, at the time the 1921 assessment of the property was made, the New Orleans Homesite Company, Limited, owned sixteen lots in the Third district of the city of New Orleans, in square No. 579, bounded by Egania, Villere, Robertson, and Andry streets. The assessment quoted supra does not pretend to assess all of the lots owned by the New Orleans Homesite Company, Limited, in said square No. 579, nor does it pretend to assess any number of lots, nor any particular lot, nor any part of a lot. A mere reading of the assessment convinces us that it describes nothing, and that a sale under it conveyed nothing. The rule that there can be no sale of property which is neither identified nor susceptible of identification is too well settled to require quotation from the authorities. We will, therefore, content ourselves with citing the following cases: Wilson v. Marshall, 10 La. Ann. 329; Person v. O'Neal, 32 La. Ann. 228; In re Baton Rouge Oil Works, 34 La. Ann. 255; Scott v. Parry, 108 La. 11, 32 So. 188;

Guillory v. Elms, 126 La. 500, 52 So. 767; Amrhein v. Nylka Land Co., 137 La. 570, 68 So. 957; Board of Commissioners of Fifth Louisiana Levee Dist. v. Concordia Land Co., 149 La. 1053, 90 So. 402.

For the foregoing reasons, we find that the petition does not disclose a right or cause of action. The judgment is correct, and it is affirmed at appellant's cost.

## On Rehearing.

ODOM, J.

Albert Claiborne, the original plaintiff, died March 13, 1932, while this appeal was pending. Not having been apprised of plaintiff's death, we assigned the case for hearing on May 3, when counsel for appellee appeared, but no appearance was made by appellant. Our opinion was handed down on May 23. So that, when the case was heard and the opinion handed down, there was no proper party plaintiff.

Subsequently, on June 9, Mrs. Eva Archie Claiborne, widow of Albert Claiborne, the original plaintiff, was made party plaintiff on proper showing in this court that she is the sole heir of her deceased husband. We granted a rehearing in order that the case might be heard anew with proper parties before the court.

The issues before the court are fully set out in our original opinion. Counsel for appellant now argues that, even though the description in tax deed be imperfect, and not sufficient to identify the property intended to be sold, the law only requires a description in such deeds by which the property can be identified.

 We stated the rule correctly in our original opinion, which is "that there can be no sale of property which is neither identified nor susceptible of identification." It is not contended that there was any property identified by the tax deed in this case. The contention is that the property was susceptible of identification.

We do not think so. The petition affirmatively shows that the tax debtor owned at least sixteen lots in square No. 579, bounded by Egania, Villere, Robertson, and Andry streets in the Third district of the city of New Orleans, which lots are all numbered. The deed does not set out how many of the lots were sold or the numbers of the lots, nor does it say that it was intended to convey all the lots in that square owned by the tax debtor. It merely recites that, at the tax sale, Miss L. H. Rush became the purchaser of "certain lots of ground designated as lots No. ———, Third District of the City of New Orleans, designated as lots No. ——— in square No. 579," etc., the said described property, that is, the property sold, "being the least quantity of said specific property which any bidder would buy for the amount of taxes, interest and costs due on said property, no one having pointed out any property whatever."

It is impossible to determine from this deed which of the sixteen lots owned by the tax debtor were bid in by the tax purchaser, and there is no indication that she purchased all of them. The deed describes nothing and conveyed nothing.

██ 2. It is contended by counsel for appellant "that an exception of no cause of action cannot be urged against the plaintiff, who

brings suit to confirm a tax title under Act No. 101 of 1898."

As we understand counsel's contention, it is that a proceeding to quiet a tax title under Act 101 of 1898 is not a "suit" or "action" in the strict legal sense, but is mere notice given by the tax purchaser to the tax debtor that he intends to quiet and have declared valid his tax title, and he cites in support of his contention the case of Regina Lumber Co. v. Perkins, 175 La. 15, 142 So. 785, 786, decided May 23, 1932, where we said that the plaintiff in bringing his suit "did not put at issue the validity of its tax title. It merely invited an attack upon it."

From this counsel concludes that this court has sanctioned the view that such proceedings are not "suits," "demands," or "actions," in the sense those terms are used in the Code of Practice, arts. 330, 331, 332, and 333.

That counsel is in error is clearly shown by language used in the same paragraph of the opinion. We said that an attack on *plaintiff's* title might be made by the defendant in a separate suit to annul "or by *reconventional demand* in which the *defendant* could set up all such invalidities or nullities in the proceedings leading up to the sale as might have been urged in a direct *action.*"

We used the terms "reconventional demand" and "defendant" just as those terms are used in other suits or demands. In the opening sentence of the opinion, we said: *"Plaintiff*, in bringing its *suit* followed," etc. We also referred to the "citation" and the "prayer."—all of which shows unmistakeably that we regarded the proceeding as a "suit" or "demand," as those terms are used in law.

There is no merit in the contention that such proceedings are not suits subject to exceptions as "means of defense used by the defendant to retard, prevent or defeat the demand brought against him." C. P. art. 330. The act itself refers to such proceedings as "suits." It provides that, after the lapse of twelve months from the date of recording the deed, the purchaser, his heirs or assigns, "may *institute suit by petition and citation as in ordinary actions* against the former proprietor or proprietors of the property in which the *petition * * *.* This *suit* shall be brought in the Parish where the property is situated. * * * The *petition* and *citation* shall be served as in ordinary *suits;*" that if the former proprietor be absent from the state or his residence unknown "the Court shall appoint a Curator ad hoc to represent him and receive service, and said Curator shall receive for his services not more than ten dollars, same to be taxed as *costs* of *suit."*

In section 3 of the act it is provided that, in all cases where tax titles have been quieted by prescription of three years as provided in the Constitution, the purchaser or his heirs may "obtain a judgment of the court confirming said title, same to be done by *suit* in the manner and form, as above set out," etc. (All italics ours.)

The proceeding authorized by Act No. 101 of 1898 is more than mere notice to the tax debtor that the tax purchaser intends to confirm the tax title. It is an action, a suit to quiet the title, a demand that it be confirmed, and the rules relating to pleadings and exceptions generally apply to such proceedings.

The trial judge sustained the exceptions of no cause of action and dismissed plaintiff's suit. For the reasons assigned, the judgment is affirmed, with all costs.

ST. PAUL, J., takes no part.