WEST *vs.* WILSON ET AL.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The provisions of the Code of Practice on the subject of citations, do not apply to persons residing out of the state.

The endorsee of a draft may commence an action in his own name, although he be but the agent of the payee. This will not, however, defeat the drawer's right to any equitable defence against the payees.

This was an action by the endorsee against the drawers of a bill of exchange, and commenced by attachment. The answer averred that the plaintiff had no interest in the bill, and further, that it was the property of the payees, Webb & Co., against whom the respondents had an equitable defence. From the evidence, it appeared that Webb & Co. were indebted to the plaintiff, and remitted to him the bill, which, when collected, was to be placed to their credit. There was judgement for the plaintiff in the court below, and the defendants appealed.

PORTER, J., delivered the opinion of the court.

This suit commenced by attachment, and is brought against the drawers of a bill of exchange, whose draft was protested for nonacceptance.

The principal matter in contest between the parties, is the right of the plaintiff to the note. The defendants insist he is but the agent of the payees, and that there is a failure of the consideration for which the bill was given.

The evidence shows the payees were indebted to the plaintiff, and remitted him the draft for collection. It was regularly endorsed to him. Whether these circumstances might not, in an ordinary case, vest such an interest in the payee, as would discharge him from all equity between the original parties, need not be inquired into in this case. For the conduct of the plaintiff negatives the idea, that he held it

in any other character than agent. After he received the draft, and commenced this suit, he failed, and filed his bilan. This debt he did not transfer to his creditors, and he now carries on suit in his own name, a proceeding totally inconsistent with the idea, that he received the note in his own right. Had he such an interest in it, that interest must have been transferred to the syndics, and this action be in their name.

On the merits, as to the want of consideration, the case is not clear. The burthen of proof certainly lays on the defendant, and his evidence is not conclusive, though it raises a strong presumption of the want of consideration. The plaintiff, however, attempted to prove the consideration, and failed to establish it for more than eight hundred and seventy-three dollars and thirty-five cents, for which sum we think they are entitled to judgement.

The provisions of the Code of Practice on the subject of citation, do not apply to persons residing out of the state.

Objections have been made, the defendants were not duly cited, because a delay of one day for every ten miles from this city, to the defendants' residence in Tennessee, was not allowed. We think the provisions of the Code of Practice on this subject have reference to the case of defendants who have a domicile within the state, and that they do not apply to persons residing out of it.

The endorsee of a draft may commence an action in his own name, although he be but the agent of the payee. This will not, however, defeat the drawer's right to any equitable defence against the payee.

As to the objection to the right of West to bring this action, because he was only agent. We think his case must be distinguished from ordinary cases where agency is created by a power of attorney. The draft, in this instance, was endorsed to him. The legal title to the bill by the endorsement, was vested in him. He could have released and discharged it in his own name. He was, therefore, the owner of the draft, to all legal purposes, save that of defeating the defendants' rights to any equitable defence.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be annulled, avoided, and reversed; and it is further ordered, adjudged, and decreed, that the plaintiff do recover of the defendants, the sum of eight hundred and seventy three dollars and thirty-five cents, with

EASTERN DIS.
July, 1832.

interest from 22d January, 1831, until paid; and costs of suit in the court below; those of appeal to be borne by the appellee.

McCaleb, for appellant.   Conrad, for appellee.