21b 629
44 690

---

No. 662.—CELESTINE DUPUY, wife, etc., *v.* VALIERE ARCENEAUX.

A judgment by default that has been improperly made final because of defective citation, will be set aside on appeal, and the cause will be remanded.

A citation must express the number of days given the defendant to answer according to the distance from his residence to the place where the Court is held, to be reckoned from the date of service. C. P. 179, § 5.

APPEAL from the Third Judicial District Court, parish of St. Martin. *Gates, J. DeBlanc & Perry,* for plaintiff and appellee. *Gary & Fournet,* for defendant and appellant.

Celestine Dupuy, wife, etc., v. Valiere Arceneaux.

LUDELING, C. J.    This is an action on two promissory notes.    The judgment by default was made final, and the defendant has appealed.

Our attention has been directed to the following errors apparent on the face of the record ; that the citation does not express the year in which defendant is to answer; that the citation expresses that the defendant must file his answer *in ten days*, while the sheriff's return shows that the defendant's residence is twenty-two miles from the court house.

Article 179 of the Code of Practice, section five, requires that the " citation *must express the number of days* given to the defendant to file his answer, according to the distance from his residence to the place where the court is held, to be reckoned from the day when the citation was served."

In Kendrick's Heirs v. Kendrick, this Court held that " the citation should have stated that the answer was to be filed within ten days after service, and *allowing one day for every ten miles distance from the residence of the defendant to the clerk's office.*"

In Leeds v. Debuys, 4 R. p. 258, the Court decided that " before a court permits a judgment by default to be made final, it must be satisfied that the defendant has been *duly cited ;* but it suffices that it appears that he was so, by the inspection of the citation and return."

By an inspection of the citation and return thereon, it appears that the defendant was not duly cited.    The default was improperly made final, and must be set aside.

It is, therefore, ordered and adjudged that the judgment of the District Court be avoided and reversed, and that the case be remanded to the District Court to be proceeded with according to law.    It is further ordered that the appellee pay the costs of this appeal.