Where one convicted of a crime appeals, but pending the appeal escapes from custody, his appeal will be dismissed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2971–2979, 2985; Dec. Dig. § 1131.*]

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; Robert S. Ellis, Judge.

Roan Butler was convicted of murder, and he appeals. Appeal dismissed.

Sims & Houghton, of Kentwood, for appellant. R. G. Pleasant, Atty. Gen., W. H. McClendon, Dist. Atty., of Amite City, and G. A. Gondran, of Donaldsonville, for the State.

On Motion to Dismiss.

BREAUX, C. J. Appeal from the Twenty-Fifth judicial district court, parish of Tangipahoa.

The accused was tried for murder, and was found guilty, without capital punishment. He appeals from a sentence at hard labor for the term of his natural life.

The Attorney General filed a motion to dismiss the appeal on the ground that defendant escaped from the parish prison since the appeal was taken; that he is at large and a fugitive.

The facts relating to defendant's escape and showing that he is a fugitive are sustained by the sworn statement of the sheriff of the parish of Tangipahoa and are not denied.

The decisions hold that an appeal will not be heard, and that it must be dismissed, when an accused escapes from custody.

The appeal is dismissed.

(61 South. 682.)

No. 19,764.

SULLIVAN v. MAYNOR et al.

In re SULLIVAN.

(March 31, 1913.)

*(Syllabus by the Court.)*

EVIDENCE (§ 82*)—PROCESS (§ 33*)—PLEAD-
ING (§ 85*)—REQUISITES—SPECIFICATION OF
ANSWER DAY.

Act No. 77 of 1904, amending and re-enacting article 180 of the Code of Practice, by adding to the second paragraph thereof the words, "The delay in no case shall exceed fifteen days in all," applies only to cases where the residence of the defendants is situated more than fifty miles from the place where the court is held. In such cases the citation should give notice to the defendant that he must answer within 15 days. Where the defendant resides not more than 50 miles from courthouse, the citation should follow the usual form. In the absence of contrary evidence, it must be presumed that the judgment by default against the defendants in the district court was rendered after the expiration of all legal delays to which they were entitled.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 104; Dec. Dig. § 82;* Process, Cent. Dig. §§ 12, 13, 27; Dec. Dig. § 33;* Pleading, Cent. Dig. §§ 172–178; Dec. Dig. § 85.*]

Certiorari to Court of Appeal, Parish of Webster.

Suit by Edward Edwin Sullivan against Jack Maynor and others. The court of Appeal reversed a judgment for plaintiff, and he applies for certiorari or writ of review. Reversed and remanded.

Roberts & Roberts, of Colfax, for applicant. W. R. Percy, of Minden, for respondents.

LAND, J. Plaintiff brought suit in the district court of Webster parish against defendants, residents of said parish, to recover a four-ninths undivided interest in a certain tract of land situated in the aforesaid parish.

Defendants were cited, issue joined by default, and judgment rendered in favor of the plaintiff. The judgment contains the following recital:

"By reason of the law and the evidence being in favor thereof, and by further reason of a default having been entered herein and after legal delays duly proved up, it is hereby ordered," etc.

The citation served on the defendants cited them to comply with the demand contained in the petition, of which a copy was annexed thereto in writing in the clerk's office in 10 days after the service thereof, with one additional day for every 10 miles between their residence and the courthouse of the parish. Defendants took a devolutive appeal to the Court of Appeal, and there urged that the citations were null, because they did not give the number of days, not to exceed 15, as the law directs. This contention was sustained by the Court of Appeal, and the judgment below was reversed. The case comes before us on a writ of review.

The provisions of the Code of Practice pertinent to the issue before us read as follows:

"Art. 179, No. 5. The citation must express the number of days given to the defendant to file his answer, according to the place where the court is held, to be reckoned from the day when the citation was served."

"Art. 180. The delay to be expressed in the citation consists of ten days, to be counted from the time the citation has been served, which are allowed the defendant to comply with the demand of the petition, if the defendant reside in the place where the court is held, or within ten miles from such place."

"If the defendant reside at a greater distance, the aforesaid delay shall be increased by one day for every ten miles that his residence is distant from the place of holding the court before which he is cited to appear."

"In counting the ten days, neither the day when the citation has been served, nor the day when the delay expires, are included."

By Act No. 77 of 1904, article 180 was amended and re-enacted, so as to add to the second paragraph the following words, to-wit:

"The delay in no case shall exceed fifteen days in all."

The citation in question is in accord with the uniform practice in the district courts of this state ever since the adoption of the Code of Practice of 1825. It is impossible in many instances for clerks of court to know the distance of a defendant's residence from the courthouse of the parish. It has been the practice for sheriffs, in making returns of citations, to state the distance between the residence of the party served and the place where the court is held. We are cited no decision of the Supreme Court of this state holding that the additional delay beyond 10 days must be computed by the clerk and expressed in the citation. The party served needs no information from the clerk as to the distance of his residence from the courthouse of the parish.

In Dupuy v. Arceneaux, 21 La. Ann. 629, the objection was:

"That the citation expresses that the defendant must file his answer in ten days, while the sheriff's return shows that the defendant's residence is 22 miles from the courthouse."

The court, through Ludeling, C. J., held the citation bad, and said:

"In Kendrick's Heirs v. Kendrick [19 La. 36] this court held that the citation should have stated that the answer was to be filed within ten days after service, and allowing one day for every ten miles of distance from the residence of the defendant to the clerk's office."

The court cited Leeds v. Debuys, 4 Rob. 258, to the effect that the question whether a party has been duly cited should be determined by an inspection of the citation and return, and concluded as follows:

"By an inspection of the citation and return thereon, it appears that the defendant was not duly cited."

If the defendant in that case had resided within ten miles of the courthouse, as shown by the return, the court doubtless would have held the citation to be valid.

In the case at bar, the presumption is that the default was taken pursuant to the sheriff's return, and that the defendants had all the legal delays to which they were entitled. The judgment of the Court of Appeal, therefore, rests solely on the legal proposition

that every citation issued from a district court must recite that the delay shall not exceed 15 days in all. This proviso has no application to a case where the defendant resides 50 miles or less from the place where the court is held, and might mislead defendants by suggesting that they had 15 days within which to file their answers. The proviso of Act 77 of 1904 applies only to cases where the defendants reside more than 50 miles from the place where the court is held. In such cases the citations should inform the defendants that they must answer within 15 days. In the case decided by the same Court of Appeal, through Hall, Judge, the defendant was the Texas & Pacific Railroad Company, whose domicile was several hundred miles from the place where the court was held.

It is therefore ordered that the judgment of the Court of Appeal rendered herein be reversed, and that defendants' exception to citation be overruled; and it is further ordered that this cause be remanded to the said Court of Appeal, to be there proceeded with according to law. Defendants to pay the costs in this court.