------o------

## No. 6314.

### JOHN MIHALJEVICH vs. VLAKO JURISCH.

1. The provisions of Act 77 of 1904, amending C. P., 180, to the effect that the delay allowed in the citation shall in no event exceed fifteen days, applies to cases only where defendant's residence is fifty miles or more distant from the Court. Where this limitation is not expressed in the citation the presumption, in the absence of proof to the contrary, is that the defendant resides within and not without the fifty mile radius.

2. The object of the requirement of C. P., 185, that the sheriff shall certify upon the original citation the date when it was received by him, is to fix the time when the duty devolved upon him of fulfilling his obligation to plaintiff with respect to making prompt service. It has no connection with the copy of citation served on defendant and an error in this

date cannot affect the validity of the citation or of the service.

3. Though there is no evidence in the record, it will be presumed that the trial Court based its judgment upon sufficient evidence. This presumption is not destroyed by the clerk's recital that the transcript contains all the evidence adduced, since such a recital is beyond the clerk's authority and the scope of his duties.

Appeal from the 29th Judicial District Court, Parish of Plaquemines. Honorable R. E. Hingle, Judge.

O. S. Livaudais, for plaintiff and appellee.

E. H. McCaleb, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

This is an appeal by defendant, a resident of the Parish of Plaquemines, from a judgment confirming a default taken in a suit wherein plaintiff claims a balance due upon a running account for money loaned and merchandise sold. The plaintiff anticipates the plea of prescription filed in this Court by alleging in his petition that defendant has repeatedly acknowledged and promised to pay the debt and has in fact made payments on account thereof on sundry dates specified in the petition.

## I.

The citation orders the defendant to answer "ten days after service hereof, adding one day for every ten miles distance from your residence to the Courthouse," but fails to state that the delay shall in no case exceed fifteen days. The appellant contends that the omission is fatal to the vaildity of the citation, being a violation of the provisions of Act 77 of 1904, amending C. P., 180.

The precise question presented has been passed upon recently by the Supreme Court in a case wherein, as here, there was nothing in the record to indicate that defendant resided fifty miles or more from the Courthouse, the Court holding it was necessary for the citation to express the 15 day limitation only when the defendant's residence was fifty miles or more from the Courthouse, and that in the absence of affirmative evidence to the contrary, the presumption would be that he resided within and not without the 50 mile radius, since all doubt must be resolved in favor of the validity of the judgment and the proceedings upon which it is founded.

Sullivan vs. Maynor, 132 La., 598.

## II.

It is patent that the sheriff has committed a clerical error in his endorsement upon the citation as to the date upon which he received it; and the defendant contends that the citation is consequently null.

This endorsement by the sheriff upon the original citation has no connection whatever with the copy of the citation served upon the defendant and no bearing upon the validity of such service. The object of the endorsement is to fix the date when the obligation devolved upon the sheriff to perform his statutory duty to plaintiff of making prompt service, and an error in the date of this endorsement is of no concern to defendant.

C. P., 185, 186, 205.

## III.

The defendant contends that there is no evidence whatever in the record either to sustain the existence of plaintiff's claim or to support the allegation that defendant had repeatedly acknowledged and promised to pay it;

that since the clerk's certificate recites that the transcript contains "all the evidence adduced," the necessary conclusion is that there was none offered to support the judgment rendered in plaintiff's favor.

Even though a transcript be barren of all evidence, the presumption is that the trial Court acted and based its judgment upon proper and sufficient evidence. The clerk's recital that the transcript contains all the evidence adduced is wholly unauthorized and does not destroy the effect of this presumption, since his duty consists not in determining, reporting, or commenting upon what transpired during the pendency of the case, but is confined wholly to transmitting the record and proceedings to the appellate Court.

Rosenthal vs. Rosenthal, 117 La., 786.

There is no error in the judgment and it is accordingly affirmed.

Affirmed.

Opinion and decree, February 17th, 1915.

Rehearing refused, March 15th, 1915.