ROGERS, J.
 

 The Norske Lloyd Insurance Company, Limited, brought this action to annul a judgment which had been rendered against it by default. The action was dismissed on an exception of no right or cause of action, and plaintiff has appealed.
 

 The original suit against the insurance company was filed in the parish of Orleans on December 9, 1921. Citation was issued on the same day, and, together with a copy of the petition, was served, according to the sheriff’s return, on the defendant by service in person on James J. Bailey, secretary of state, in the parish of East Baton Rouge, on December 12, 1921. No answer or other pleading having been filed by defendant, plaintiff caused a default to be entered on March ’9, 1922. This default was confirmed on April 10, 1922, and judgment was signed on April 17, 1922.
 

 The only question presented for decision is as to the legality of the citation. Plaintiff in the action of nullity alleges that the citation is defective, in that it did not express the number of days within which the defendant might file its answer, making due allowance for the distance of the residence of said defendant from the courthouse, where the proceedings against it were pending, nor did it express the minimum delay for answering allowed by law. The defendant in the action of nullity contends, per contra, that the citation is regular, and, in any event, the defect complained of is insufficient to annul the judgment, since the defendant named therein enjoyed all the delays allowed by law.
 

 All foreign insurance companies doing business in the state are required to appoint the secretary of state as their agent for service of process. Act 105 of 1898, art. 2, § 1, p. 142. The Norske Lloyd Insurance Company, Limited, complied with the provisions of the statute. Therefore said corporation acquired a qualified residence within the state for the purpose of its business, and became domesticated, at least, for all purposes of jurisdiction and legal procedure. The place of its residence, in so far as the service of legal process is concerned, is necessarily the office of the secretary of state at Baton Rouge. Inasmuch as that city is more than 50 miles distant from the parish of Orleans, where the suit was instituted, the defendant insurance company was entitled to 15 days within which to file its answer. Code Prac. art. 180, as amended and re-enacted by Act 77 of 1904; Sullivan v. Maynor, 132 La. 598, 61 So. 682. And this delay should have been expressed in the citation. Code Prac. art. 179, par. 5, and article 180, as amended in 1904; Dupuy v. Arceneaux, 21 La. Ann. 629; Kendrick’s Heirs v. Kendrick, 19 La. Ann. 36.
 

 The citation which is attacked in this suit directs the answer to be filed within 10 days
 
 *85
 
 from the service thereof. In this respect it failed to comply with the law, and could not serve as the basis for any judgment against the defendant company.
 

 Appellee cites Covas v. Bertoulin,
 
 44
 
 La. Ann. 683, 11 So. 143, as supporting his position that, notwithstanding a citation may be defective because of its failure to set forth the number of days for answering, a judgment based thereon cannot be annulled when the defendant has enjoyed all the delays allowed by law. The decision, however, does not go as far as contended for by appellee. The suit was for a partition in which certain property was ordered sold under the judgment of partition. The adjudicatees refused to take title, and a rule was filed to compel them to do so. One of the eight grounds of defense urged was that the judgment was obtained by default against the defendant on a citation which did not express the delay within which he was required to answer. The court held that, although the citation was defective, the court had jurisdiction of the proceedings which in their nature were in rem, and that, since the defendant upon whom the defective citation was served had not assailed the judgment, the adjudicatees were without right to do so, and should accept the titles tendered. That case, therefore, is not appropriate here. Nor are the cases of West v. Wilson, 4 La. 219; Deeds v. Debuys, 4 Rob. 258; Leon v. Bouillet, 21 La. Ann. 651; Martinez v. Succn. of Vives, 30 La. Ann. 818, cited by appellee, applicable to the present issue.
 

 For the reasons assigned, the judgment appealed from is set -aside; the exception of no cause or right of action filed by the defendant is overruled; and this case is remanded to the court below to be proceeded with according to law and the views herein expressed; costs of this appeal to be paid by appellee, and all other costs to await the final disposition of the case.