No. 2269

Second Circuit

---

NATIONAL SAFE & LOCK CO. v. DAVIS

---

(April 8, 1927. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Citation and Appearance—Par. 7, 21.**

The provision of Article 180 of the Code of Practice that "if the defendant reside at a greater distance, the aforesaid delay shall be increased by one day for every ten miles that his residence is distant from the place of holding the court before which he is cited to appear," has no application to a defendant residing out of the state cited through a curator ad hoc.
West vs. Wilson, 4 La. 220.

2. **Louisiana Digest—Citation and Appearance—Par. 7, 21; Laws—Par. 68.**

Act 77 of 1904 does not amend Article 180 of the Code of Practice so as to make it applicable to a defendant residing out of the state cited through a curator ad hoc.

3. **Louisiana Digest—Attachment—Par. 89; Citation and Appearance—Par. 7, 21.**

Article 267, 607 and 614 of the Code of Practice have no application to a judgment rendered in an attachment suit against a non-resident of the state cited through a curator ad hoc, and the defendant had knowledge of the pendency of the action in ample time to have defended it on the merits had he seen fit to do so.

Appeal from the City Court of the City of Shreveport, Louisiana. Hon. David B. Samuel, Judge.

Action by National Safe & Lock Company against R. C. Davis, doing business as Davis Safe Company.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

R. C. Chandler, of Shreveport, attorney for plaintiff, appellant.

C. B. Prothro, of Shreveport, attorney for defendant, appellee.

STATEMENT OF THE CASE

REYNOLDS, J. This is a suit by the National Safe & Lock Company, a foreign corporation domiciled in the state of Ohio, against R. C. Davis, doing business

as the Davis Safe Company, to annul a judgment rendered against it as National Safe Company on July 22, 1924, in an attachment suit, No. R962 on the docket of the City Court of Shreveport, entitled Davis Safe Company vs. National Safe Company, wherein the plaintiff here, defendant there, was cited through a curator ad hoc, M. A. Taylor, of the Shreveport bar, the citation only allowing him twelve days in which to answer the suit.

Plaintiff alleged that it was not indebted to the defendant here, plaintiff there, in the sum sued for or in any other sum; that the seizure was wrongful; that on account of its being a non-resident the curator ad hoc should have been allowed fifteen days in which to answer; that the attached property sold for less than its actual value; and it prays judgment annulling the judgment rendered against it.

In the alternative, it prayed that it have judgment against the defendant, R. C. Davis, doing business as Davis Safe Company, in the sum of $148.20, the amount of the judgment rendered against it in his favor, and for $41.80, amount of costs collected from it in that action, and in the sum of c$50.00 attorney's fees incurred by it, and in the sum of $235.00, difference between the actual value of the property seized and sold under the attachment and the sale price thereof. ·

R. C. Davis as Davis Safe Company filed an exception of no right or cause of action, which was sustained by the court, and the plaintiff appealed.

## OPINION

Plaintiff contends that the curator ad hoc should have been allowed fifteen days in the citation served on him in which to answer the suit.

We do not think so.

The Supreme Court, in the case of West vs. Wilson, 4 La. 220, held that:

"The provisions of the Code of Practice on the subject of citation do not apply to persons residing out of the state."

This decision, since 1831, has constituted the settled jurisprudence of Louisiana, and, in our opinion, the amendment of Article 180 of the Code of Practice by Act 77 of 1904, adding the words, "the delay in no case shall exceed fifteen days," does not make that article applicable to service of citation on non-residents through a curator ad hoc.

Plaintiff claims the right to sue to annul the judgment under Articles 267, 607 and 614 of the Code of Practice.

Article 267 provides:

"The absent debtor, against whom judgment has been so rendered, may, within two years after such judgment, obtain the reversal of the same, if he prove that the distance at which he lived from the place where the attachment was obtained has prevented his being apprised of the proceedings against him, and that the plaintiff has availed himself of his absence to obtain payment of a debt either already paid in totality, or partly discharged, or which did not exist."

And Article 614 provides:

"A judgment may be reversed, if it has been rendered on an attachment against a person absent, and who had no knowledge of the action having been brought against him, if such person show that he was not indebted, either for the whole, or for part of the sum for which the judgment was obtained and his property sold."

It will be observed that the condition present to the right to claim relief under Article 614 is that the defendant shall not have had notice of the pendency of the suit against him.

Under the allegations of plaintiff's petition the curator ad hoc was served on June 10, 1924, and by letter of that date he notified plaintiff of the pendency of the suit and plaintiff communicated with the curator ad hoc on June 16, 1924. Judgment was not rendered until June 22, 1924.

The articles of the Code copied above have no application to plaintiff's case for the reason that plaintiff had notice of the pendency of the action in ample time to have defended it on the merits had he desired to do so.

Neither is plaintiff entitled to relief under Article 607 of the Code, which provides:

"A definitive judgment may be annulled in all cases where it appears that it has been obtained through fraud or other ill practices on the part of the party in whose favor it was rendered; as if he had obtained the same by bribing the judge or the witnesses, or by producing forged documents, or by denying having received the payment of a sum, the receipt of which the defendant had lost or could not find at the time, but has found since the rendering of the judgment."

The condition present to the right of plaintiff to relief under this article is that the judgment was obtained by fraud or other ill practice, and plaintiff does not allege in his petition that either the defendant or the curator ad hoc was guilty of fraud or other ill practice in obtaining the judgment.

Under all the allegations of the plaintiff's petition we think it failed to express a cause of action.

The judgment appealed from is therefore affirmed.