No. 3231

Second Circuit

SPILLMAN v. TEXAS & PACIFIC RAIL-
WAY COMPANY

(March 12, 1929. Opinion and Decree.)

Henry Breazeale, of Natchitoches, at-
torney for plaintiff, appellee.

Peterman, Dear and Peterman, of Alex-
andria, attorneys for defendant, appellant.

ODOM, J. This suit was filed in Natchi-
toches, in the parish of Natchitoches, on
December 2, 1927. Plaintiff alleged that
the defendant is a Louisiana corporation,
having its main Louisiana office and
domicile in the city of New Orleans, La.
Plaintiff prayed that defendant be cited
through its proper officer, according to
law.

On the day the suit was filed, citation
was issued in words and figures as
follows:

"Citation.
"State of Louisiana, Parish of Natchi-
toches. Tenth District Court.
"Mrs. Artemise Madine Spillman v. Texas
& Pacific Railway Co. No. 19076.
"To Texas & Pacific Railway Company,
thru J. L. Lancaster, President. Of
the Parish of Orleans,
"You are hereby cited to appear in the
office of the Clerk of said Court, in the
town Natchitoches, of the Parish afore-
said, and comply with the demands con-
tained in the Petition, of which a copy
accompanies this citation, or deliver your
answer thereto in writing, in said office
in ten days after the service hereof, with
one additional day for every ten miles
between your residence and office of said
Clerk.
"Witness the Honorable J. F. Stephens,
Judge of said Court, this 12/2/27.
"A. H. O'Quinn,
"Deputy Clerk 10th D. C., La."

This citation was served on defendant
at its office in New Orleans on December
5th. The following are extracts from the
minutes of the court as they appear in
the record:

"December 21, 1927, default.
"December 24, 1927, fixed instanter, de-
fault proven, judgment rendered, read and
signed for plaintiff, see decree."

Defendant appealed from the judgment
rendered, and asked that it be reversed,
and the case remanded to the trial court
for further proceedings.

The principal ground on which defend-
ant relies for a reversal of the judgment,

and the only one which we notice, is that the citation fails to express the number of days within which defendant might file its answer. The citation directs defendant to file its answer "in said office in ten days after service hereof, with one additional day for every ten miles between your residence and office of said Clerk."

Such citation would be good if the domicile of defendant was within 50 miles of Natchitoches where the suit was filed. Sullivan vs. Maynor et al., 132 La. 598, 61 So. 682. But defendant's domicile is in New Orleans, probably 250 miles from Natchitoches, so that, according to the citation as written, defendant had 25 days in which to answer. The citation was served on December 5th, the case defaulted on December 21st, and the default made final on December 24th. Therefore the default and the judgment, according to the strict letter of the citation, were premature.

But counsel for plaintiff appellee says that defendant had only 15 days at most in which to answer. That is true, for Article 180 of the Code of Practice, as amended by Act No. 177 of 1904, p. 190, specifically provides that "the delay in no case shall exceed fifteen days in all." But the citation failed to inform defendant that it had only 15 days in all in which to answer, and, in that respect, was misleading and therefore defective.

Paragraph 5, Art. 179, of the Code of Practice, provides that the citation "must express the number of days given to the defendant to file his answer," and Article 180 that he is allowed 10 days, if he reside in the place where the court is held, and, if he reside at a greater distance, the delay shall be increased by one day for every 10 miles that his resi-

dence is distant from the place of holding the court, with the proviso that "the delay in no case shall exceed 15 days in all."

In a case, as in the one at bar, where defendant resides more than 50 miles from the place where the court is held, it is sacramental that the citation specifically inform the defendant that his delays for answering shall in no event exceed 15 days.

That is the specific holding in the case of Sullivan vs. Maynor et al., supra. In that case the court said:

"The proviso of Act 77 of 1904 (that in no case shall the delay exceed fifteen days in all) applies only to cases where the defendants reside more than 50 miles from the place where the Court is held. In such cases the citations should inform the defendants that they must answer within 15 days." (Boldface type ours.)

In a more recent case, that of Noyola vs. Norseke Lloyd Insurance Co., Limited, 163 La. 82, 111 So. 607, a suit was brought against the insurance company in New Orleans, and it was cited and ordered to file answer within 10 days. Service was made on the secretary of state in Baton Rouge, which is more than 50 miles from New Orleans. There was judgment against defendant by default. The insurance company sued to annul the judgment on the ground that the citation was defective, and the court sustained the contention. While that case is not on all fours with the case at bar, yet the court in commenting used the following language, which is pertinent to the issue here invloved. The court said:

"Inasmuch as that City (Baton Rouge) is more than 50 miles distant from the Parish of Orleans, where the suit was instituted, the defendant insurance Company was entitled to fifteen days within which to file its answer. Code Prac. Art.

180, as amended and re-enacted by Act 77 of 1904; Sullivan vs. Maynor, 132 La. 598, 61 So. 682. And this delay should have been expressed in the citation." (Boldface type ours.)

In the case of Texas & Pacific Railway Co. vs. Charles W. Smith et al., No. 445 (not officially reported), decided by this court in 1911, one of the issues involved was similar to the one involved here. The late Judge L. E. Hall, the organ of the court in that case, used the following pertinent language with reference to the necessity of informing a defendant specifically of the number of days within which an appearance or answer must be filed:

"The third and last ground of nullity referred to is, in our opinion, fatal to the judgment attacked. It is in substance that the citation did not definitely express the number of days within which the defendant was required to comply with the demand, or file its answer. The delay as stated in the citation was as follows:

" 'Ten days after service thereof, with one day additional for every ten miles between your residence and the office of said Clerk.'

"It is provided by paragraph 5 of article 179 of the Code of Practice, that the citation must express the number of days given the defendant from his residence to the place where the court is held, to be reckoned from the day on which the citation is served. That is to say that number of days must be expressed as computed according to the distance the defendant resides from the court. Article 180 provides how this computation must be made. It directs that where the defendant resides in or within ten miles of the place, the delay to be expressed is ten days from the service, and where he resides a greater distance, the aforesaid delay shall be increased one day for every ten miles additional that he may live from it, the delay, as provided by a comparatively recent amendment, not to exceed 15 days in any case.

"It seems clear, therefore, that the essential requirement is, that in order that the defendant may be definitely and unmistakably informed as to the delay allowed him, and to prevent uncertainty and confusion in future in view of the fact that residences of the defendants are often changed, the number of days given him shall be computed and expressed in the citation. But in this case, the number of days was not expressed but left to the computation of the defendant."

Counsel for plaintiff appellee cites a long list of cases holding that a judgment by default should not be set aside in order to allow a defendant to file answer and introduce evidence. Such was the holding in the recent case of Stout vs. Henderson (In re Stout) 157 La. 169, 102 So. 193, and in many other cases. But the legality of the citation was not an issue in that case or in any of the others cited. What the court has consistently held is that a judgment by default will not be set aside in order to afford defendant an opportunity to make defense, provided the default has been confirmed in strict conformity with all the requirements of the law.

Citation is the very foundation of civil actions. There can be no valid judgment without a legal citation. To confirm a default in a case where there has been no legal citation of defendant is a departure from the requirements of the law, and the judgment is invalid.

The citation in this case was invalid, in that it did not inform defendant that it had only 15 days at most in which to file answer, and it follows necessarily that a judgment by default, based on such citation, must be reversed.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be reversed, and further ordered that the case be remanded to the trial court and reinstated on the docket thereof for further proceedings as the law directs; appellee to pay costs of appeal, all other costs to await final results.