No. 3884

Second Circuit

(Second Division)

———

SMITH v. DORRITY ET AL.

———

(December 9, 1931. Opinion and Decree.)

———

Dixon Carroll and R. A. Fraser, of Many, attorneys for plaintiff, appellee.

Dickson & Denny, of Shreveport, attorneys for defendants, appellants.

DREW, J. Plaintiff alleged that he was the owner of the NE¼ of SE¼ of section 10, township 7 north, range 14 west, situated in Sabine parish, Louisiana. That he acquired the land from H. F. Arnold, February 21, 1930, by deed; that the said Arnold acquired the said land, January 15, 1918, by deed from R. L. Gay and T. Laroux, and Gay and Laroux acquired it by purchase at tax adjudication, dated June 24, 1914; that the said property was sold as the property of H. F. Arnold at tax sale, when in fact the true owners at the time of the tax sale were Brown M. Dorrity and Jack B. Craig by direct line of mesne conveyances from the United States government. He further alleged that more than three years have elapsed since the date of the registry of the above referred to tax title in the conveyance office of Sabine parish, Louisiana, and that he is the owner of said property and desires and is entitled to have the title thereto confirmed and quieted, according to law.

Plaintiff further alleged that defendants, soon after the tax sale, relinquished possession and have not had possession of the land since that time. He prays that his title be confirmed and quieted, and that he be recognized as the only owner thereof, enjoining and prohibiting the defendants herein from claiming or setting up any right, title or interest to said property.

Defendants, in answer, deny the ownership of plaintiff and deny that he purchased said property from H. F. Arnold. They admit the purchase by Arnold from Gay and Laroux, and allege that it inured to the benefit of defendants. They admit the purchase at tax sale by Gay and Laroux, and allege they were merely parties interposed by H. F. Arnold and his agents in purchasing said property, which was sold in the name of H. F. Arnold. They admit that B. M. Dorrity and Jack B. Craig were the owners of the property at the time of the tax sale. They deny the right of plaintiff to be quieted in title, and further allege that they purchased the property from H. F. Arnold by deed, May 12, 1913, and that Arnold had no title to convey plaintiff, as title had always been in defendants; and that no one has been in possession of the land, which is wild and unimproved, and no one has exercised ownership over it. That plaintiff has no interest or right in said property and cannot bring this action against defendants; prays that the demands of plaintiff be rejected.

The following citation and summons were served on both defendants.

"CITATION

L. C. Smith                    No. 10420
    vs.        11th Judicial District Court,
Brown M. Dorrity            Sabine Parish,
                            Louisiana.

"To: Brown M. Dorrity, of Caddo Parish, Louisiana,

"YOU ARE HEREBY CITED AND SUMMONED TO COMPLY WITH THE DEMAND contained in the petition, of which a copy accompanies this citation or deliver your answer to the same, in the office of the Clerk of the Eleventh Judicial District Court, in and for Sabine Parish, Louisiana, within ten days after service hereof, with one (1) day additional for every ten miles distance between your residence and the office of said Clerk provided, however, that the delay shall in no case exceed fifteen (15) days from date hereof.

"And you are hereby notified that the title to the following described property, situated in Sabine Parish, Louisiana, to-wit:

NE¼ of SE¼ of Section 10, Township 7 North, Range 14 West, containing 40 acres, more or less, together with all buildings and improvements thereon,—

will be confirmed and quieted unless a proceeding to annul the said title is instituted within ten days from the date of service of petition and citation herein.

"WITNESS, the Honorables, Hal A. Burgess and John B. Hill, Judges of said Court, at Many, Louisiana, this the 18th day of March, 1930.

                "W. E. CURTIS, Clerk,
            11th Judicial District Court,
            Sabine Parish, Louisiana."

The lower court rendered judgment in favor of plaintiff, as prayed for, and defendants have appealed.

The only evidence offered on trial of the case below was the deed from Arnold to plaintiff, of date February 1, 1930, filed for record February 24, 1930; deed from R. L. Gay and T. Laroux to H. F. Arnold, dated January 15, 1918, recorded February 16, 1918; and the deed from the sheriff and tax collector of Sabine parish, Louisiana, to R. L. Gay and T. Laroux, dated June 27, 1914, and filed for record on July 1, 1914, recorded July 9, 1914, and an extract from the assessment rolls of Sabine parish, Louisiana, covering the assessment of the property in controversy from 1915 to 1929, inclusive (this extract is not in the record); all of which were offered by plaintiff.

Defendants offered the deed from H. F. Arnold to defendants, dated May 12, 1913, and recorded June 28, 1913.

Upon the above offerings and an admission of the value sufficient to give this court jurisdiction, the case was tried. The minutes of the court show an exception of no cause of action, which was tried and overruled, but we find no such exception in the record and it is not urged in this court by appellants.

The deeds filed in evidence show that up to June 28, 1913, this property was on record in the name of H. F. Arnold, and therefore properly assessed to him for the year 1913. However, before the taxes became delinquent, he had transferred it to the defendants herein. The tax deed from the sheriff of Sabine parish, Louisiana, shows that the property was sold in the name of H. F. Arnold for delinquent taxes for the year 1913, the sale taking place on June 27, 1914. No question as to the regularity of the tax sale is raised. The sheriff's deed recites that all formalities were complied with; therefore, it is to be presumed they were. It is a prima facie title.

Since no proof is offered to show otherwise, Gay and Laroux stand before the court as bona fide purchasers at the tax sale, leaving the only remaining question raised under the pleadings: Did the purchase from Gay and Laroux by Arnold, more than three years after they purchased the property at tax sale inure to the benefit of defendants, who had more than four years before purchased the property from Arnold?

This suit is brought under Act No. 101 of 1898, as amended by Act No. 144 of 1928, and it is plain that when the tax purchaser, or his vendee, avails himself of this proceeding, under Section 3 of the Act, he does not place at issue the validity vel non of his tax title, but simply invites an assault thereon, and it is equally clear that if no action to annul be brought within ten days, the only judgment the court is authorized to render is one quieting and confirming the title by rendering judgment against the former owner, forever barring and prohibiting him from assailing the tax deed, for the sole reason that he has not brought his action to annul within the ten days allowed therefor. Fellman v. Kay et al., 147 La. 953, 86 So. 406.

The attack invited on the tax deed may be by reconventional demand or separate action. In this case, the defendants have not attacked the tax deed by either reconvening or by separate suit, and the judgment of the lower court confirming the said tax sale and quieting the title is correct.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be affirmed, with costs.