This is a suit to annul a tax title to eight town lots in Winnsboro, Louisiana. Plaintiff alleged she acquired the lots by purchase from Woodrow Morace, as per deed recorded in Conveyance Records, Book No. 42, page 322. (This deed bears no date but was filed for recordation July 2, 1942.)
Plaintiff further alleged that defendant herein is claiming to be the owner of the property under a purported tax deed from the Town of Winnsboro, Louisiana, dated January 19, 1937, and recorded September 7, 1937, and said deed is null, void and of no effect for the reason the tax debtor, Woodrow Morace, was never served with a notice that his property was to be advertised and sold for nonpayment of taxes due and owing to the Town of Winnsboro, and for the further reason that he had permitted more than three years to elapse without taking any steps to acquire possession of said property. She alleged she and her vendor, the tax debtor, had been in actual, physical possession of the property ever since the tax sale.
Plaintiff also alleged the tax deed is irregular and does not conform to the law *Page 272 
relating to tax sales. She further alleged that she had for and on behalf of her vendor, Woodrow Morace, tendered in cash to defendant the amount of taxes, interest and costs paid by him to the Town of Winnsboro on account of said purported tax sale and that he had refused the same; and that the property had remained on the assessment rolls of the Parish in the name of Woodrow Morace and that all State and Parish taxes have been paid by him.
In answer defendant denies each and every allegation of plaintiff's petition, except that he purchased the town lots involved at tax sale, as alleged, on January 19, 1937, for the delinquent taxes of the year 1935 owing on said property by Woodrow Morice.
The lower Court after trial rejected plaintiff's demands and she is now prosecuting this appeal.
We will take up the reasons alleged by plaintiff for setting the tax sale aside in reverse order:
Defendant testified without contradiction that he had attempted to have the Assessor change the assessment of the lots to him, without any success; that he paid all the Town taxes from the date of sale until now, and attempted to pay the Parish and State taxes, but found each time the tax debtor had secured a homestead exemption and there were no taxes due, with the exception of the years 1936 and 1941, and that he paid the State and Parish taxes for those two years. He filed the tax receipts to corroborate his testimony. Certainly the failure of the Assessor to change the assessment is not grounds to annul the tax sale.
Plaintiff alleged that she had tendered on behalf of the tax debtor the amount of taxes, interest and costs due to defendant and he refused same. The evidence does not bear out this allegation, and if it did, would not be a ground for annulling the tax sale for the reason the law provides the way for her or the tax debtor to have the property redeemed in such a case, and no effort was made to take advantage of that law by depositing the full amount due with interest with the Tax Collector of the Town of Winnsboro.
The next reason urged is a mere conclusion of the pleader that the tax deed does not conform to the law. No effort was made to enlarge on the statement and there has not been pointed out to us any irregularity in the tax deed.
The allegation that the tax purchaser has allowed more than three years to elapse without dispossessing the tax debtor or plaintiff is wholly without merit. The only effect this could have was to suspend the running of prescription against the right of the tax debtor to institute suit to annul the sale.
The last reason is the only one that could have merit and proof was required to establish it. A presumption exists that the adjudication was regular and that all formalities and requisites prescribed by law have been complied with in a tax sale. Gibbs v. Roos et al., La.App., 178 So. 674; Smith v. Dorrity et al., 18 La.App. 216, 138 So. 160; Constitution of 1921, Sec. 11, Art. 10.
Defendant offered the tax deed in evidence and placed the Tax Collector for the Town of Winnsboro on the stand who testified that every year he mailed two notices to each tax debtor, the last one being a registered notice, as required by law, and that he was sure he did not omit mailing these notices to the tax debtor at his last known place of residence, which in this case was Winnsboro, Louisiana, as shown by the Tax Roll. He had no recollection of this individual notice and did not know whether or not he received a return or that the notice was returned for the reason that after three years he destroyed all such documents. His testimony adds nothing to the tax deed itself. He also testified that he went to the post office and examined the records there and found such a notice had been sent. This testimony was timely objected to as not being the best evidence. The objection was good and it should not have been admitted, therefore, we give it no consideration here.
The oral testimony offered by defendant adds nothing to the tax deed, which is presumed to be valid until proved otherwise. But against this presumption, the plaintiff has offered no testimony to show it was not a valid and legal sale. In a motion for continuance plaintiff alleged that E. Morace, the father of the tax debtor, was the agent of his son and if present would swear to certain things unnecessary to relate, but there was not included in what he would swear to that he did not receive a notice from the Tax Collector addressed to his son. *Page 273 
The tax debtor, who had been absent from Winnsboro for a number of years, did not testify. In 1942, the plaintiff, only two months before this suit was filed, acquired the quitclaim deed from the tax debtor for a consideration of $25. The property was assessed at $700. She testified that if a notice was sent to the tax debtor, she did not know it and gave no reason why she should have known it. It is certain she knew the whereabouts of the tax debtor and his testimony could have been secured if plaintiff had wanted it. The fact that he was willing to accept $25 for property worth twice its assessed value leads us to believe he had little or no faith in his right to recover it. Plaintiff's testimony alone — and that is all that is in the record — is not sufficient to overcome the presumption of the validity of the tax sale.
For the above reasons the judgment of the lower court rejecting plaintiff's demands is affirmed and the tax title held by defendant to the following described property: Lots 41, 42, 43, 44, 53, 54, 55 and 56 of block No. 6 of the Landis Park Addition to the Town of Winnsboro, Louisiana, is a valid and legal title thereto; plaintiff to pay all costs.