**20 So.2d 745**

**LE BLANC et al. v. TRAHAN et al.**

**No. 37702.**

Jan. 15, 1945.

Walter Lemann, of Donaldsonville, for relators and defendants in main suit.

Aubert L. Talbot, of Napoleonville, and Blum & LeBlanc, of Donaldsonville, for plaintiffs in main suit and defendants in rule to show cause.

HIGGINS, Justice.

The plaintiffs brought this proceeding against the alleged former owners of certain real property to quiet and confirm their tax title thereto, in accordance with the provisions of Act No. 106 of 1934, based upon prescription of five years. Eight of the thirty-one respondents, who resided in parishes other than where the suit was instituted and more than fifty miles from the courthouse, filed exceptions to the citations on the ground that

they granted only ten days to answer, instead of the fifteen days allowed by law. The trial judge overruled the exceptions and the defendants applied to this Court for writs of certiorari and prohibition, which were issued. On the return day, the plaintiffs and the respondent judge made their returns and filed the original record with us.

The question presented requires an interpretation of the provisions of Sections 1 and 3 of Act No. 106 of 1934. The plaintiffs contend that this is a special proceeding and the Legislature had the authority to and did provide for a ten day notice only. The defendants argue that this is an ordinary action and, therefore, controlled by the provisions of Articles 178, 179 and 180 of the Code of Practice, which allow them fifteen days within which to answer the suit.

The pertinent part of Paragraph 3 of Section 11 of Article X of the Constitution of 1921, as amended Act No. 147 of 1932, reads as follows: "The manner of notice and form of proceeding to quiet tax titles shall be provided by law." In conformity with this authorization the Legislature passed Act No. 106 of 1934, which provides for the manner of notice and form of proceeding to quiet tax titles. Section 1 thereof states that "the purchaser, his heirs or assigns, may institute suit by petition and citation as in ordinary actions against the former proprietor or proprietors of the property, * * *" to quiet the tax title, after the lapse of three years or five years, as the case may be, from the date of the recordation of the tax deed in the conveyance records of the Parish where the property is located. It is also provided therein that "The petition and citation shall be served as in ordinary suits * * *." In Section 3 of the statute, which deals with prescription of five years, it is stated that the purchaser, his heirs or assigns may institute suit to quiet the tax title "* * * in the manner and form as hereinabove set out, except that the delay for answer shall be ten (10) days instead of six (6) months * * *" as provided in Section 1 with reference to three years prescription.

The previous statute on the subject of quieting of tax titles was Act No. 101 of 1898. That statute contains the same provisions as those we have quoted from the Act of 1934. This Court, in considering actions to confirm and quiet tax sales treated them as ordinary suits with reference to defendant's right to make defenses, citing the above quoted language of the statute. Claiborne v. Lezina et al., 175 La. 635, 144 So. 131 and Ashley Co. v. Bradford, 109 La. 641, 33 So. 634.

It has also been held that the proceeding authorized by Act No. 101 of 1898 was more than a mere notice to the tax debtor that the tax purchaser intended to confirm the tax title because it was an action, or suit, or demand that the tax title be quieted and confirmed and, therefore, the rules relating to pleadings and exceptions generally apply to such proceeding. Regina Lumber Co. v. Perkins, 175 La. 15, 142 So. 785; Smith v. Dorrity et al., 18 La. App. 216, 138 So. 160; Cook v. Morgan, La.App., 142 So. 279; Dupuy v. Arceneaux,

21 La.Ann. 629; and Morris et al. v. Hankins et al., 192 La. 504, 188 So. 155.

Returning now to the provisions of Act No. 106 of 1934, it will be observed that while the Legislature granted the defendant a delay of ten days to answer, it also, in express language, refers to the proceeding as an ordinary action or suit. The members of the Legislature knew at the time the statute of 1934 was enacted that this Court had treated such proceedings under Act No. 101 of 1898 as ordinary suits or actions. Therefore, if they intended that a defendant would have ten days only from the date of service of the petition and citation to answer and not the usual delay as provided for by Articles 179 and 180 of the Code of Practice, where the defendant resides more than ten miles from the courthouse, they would have so stated. The purpose of the provisions of the Articles of the Code is to give a respondent an adequate period of time within which to make arrangements to appear and defend the suit in the event he elects to do so.

Section 1 of Act No. 106 of 1934 expressly provides that "This suit shall be brought in the parish where the property is situated unless it lies in two or more parishes, in which case this suit may be instituted in either of such parishes." There is nothing in the statute which would indicate that the Legislature intended to deprive taxpayers, who reside or live in parishes other than where the property is located, of the additional delay granted to defendants in ordinary suits or actions. On the contrary, it specifically states that the suit to quiet the tax title must be by petition and citation as in ordinary actions and must be served upon the defendant as in ordinary suits.

It is our opinion that the defendants are entitled to fifteen days from the date of service of the petition and citations to answer the petition and, therefore, since the citations on their face provided for only ten days, they are illegal. Noyola v. Norske Lloyd Ins. Co., 163 La. 82, 111 So. 607; Spillman v. Texas & P. Ry., 10 La. App. 379, 120 So. 905, and Leeds v. Debuys, 4 Rob. 257.

For the reasons assigned, the judgment of the district court overruling the exceptions is annulled and set aside, and the exceptions are maintained; the plaintiffs to pay the costs of this appeal and all other costs to await the final determination of the litigation.

O'NIELL, C. J., does not take part.