LOTTINGER, Judge.
This is a suit instituted by petition of Gulf States Utilities Company for the expropriation of a servitude across the property of George F. Morton, defendant, situated in the Parish of East Baton Rouge, Louisiana. An answer and reconventional demand was filed by the defendant, whereupon the petitioner moved for a summary judgment based on certain deficiencies in the answer filed, by defendant. The Lower Court dismissed the motion for summary judgment and the petitioner applied to this Court for Writs of Certio-rari. We issued said Writs as well as a Stay Order.
*459 The record before us discloses that on March 13, 1964, the petitioner filed petition herein seeking the expropriation of a fifty (S0/) foot servitude across the property of defendant in accordance with the provisions of LSA:R.S. 19:1 et seq. By order dated March 17th, 1964 the Judge of the Lower Court fixed the case for trial on the merits for May 5th, 1964. On March 19th, 1964 the defendant, George F. Morton, was personally served with a copy of petitioner’s petition with an attached notice of trial. The citation issued by the office of the Clerk of Court, which was attached to the petition, provided as follows:
“To George F. Morton, residing in the Parish of West Baton Rouge.
“GREETING:
“You are hereby summoned to comply with the demand contained in the petition of the plaintiff in the above entitled and numbered cause, a duly certified copy of which is hereto attached and to be herewith served, or file your answer or other pleading in the office of the Clerk of the 19th Judicial District Court, for said Parish, at the City of Baton Rouge, within fifteen (15) days after service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you. You are hereby notified that trial of this cause is fixed for 10:00 o’clock A.M., May 5, 1964.
“Witness the Honorable Judges of our said Court, at Baton Rouge, Louisiana, this 17th day of March, 1964.
“s/ Nenie L. Palmer Deputy Clerk of said Court”
By order signed April 3rd, 1964 the defendant obtained an extension of time until April 19th, 1964 in which to plead. Thereafter, on May 4th, 1964, the defendant filed pleadings styled “Answer and Recondi-tional Demand” in which numerous defenses other than claims for money as compensation for the property were raised. The petitioner thereafter moved for a summary judgment dismissing the answer filed by defendant insofar as said answer raised or put at issue certain defenses to the suit other than claims for money as compensation for the property sought to be expropriated and claims for money for damages to other property. The defendant opposed petitioner’s motion for a summary judgment on the ground “that the citation issued by the Clerk of Court is fatally defective and hence null, void and of no effect since it informed him that he had 15 days within which to file his answer or other pleadings in the office of the Clerk of Court of East Baton Rouge Parish.”
The matter was argued and submitted to the Lower Court and thereafter for oral reasons assigned, the motion for summary judgment was dismissed. The petitioner applied to the Court for Writs of Certiorari as well as a Stay Order, both of which were issued by this Court.
The only question for determination is a question of law, i. e., has the defendant, by failing to file an answer herein and serve a copy thereof on petitioner within the delays set forth by LSA:R.S. 19:6-19:7, waived all defenses to this suit except claims for money as compensation for the property sought to be expropriated and claims for money as damages to other property? It is the contention by petitioner that the failure of defendant to file his answer within the ten day period allowed by the expropriation statutes under consideration constituted a waiver of all defenses except claims for money and damages.
LSA-R.S. 19:5-19:7 provides as follows:
“§ 5. Time of trial; notice to defendant
*460 “On the institution of a suit for expropriation, the trial court shall issue an order fixing the time of the trial of the suit. The clerk of court shall thereupon certify a copy of the plaintiff’s petition and of the order and issue a notice to the defendant of the time fixed for the trial.

“The notice issued by the clerk of court, together with the certified copy of the plaintiff’s petition and of the orderj shall be served on the defendant at least twenty days before the time fixed for the trial of the suit.”

******
“§ 6. Service of answer on plaintiff

“The defendant shall file his answer and serve a copy thereof on the plaintiff within ten days after the service upon the defendant of the notice of the time fixed for the trial. Every answer when filed shall have a certificate thereon showing the service thereof.

“The answer shall be served personally or by mail on either the plainti'” or his attorney of record in the suit.”
* * * * * *
“§ 7. Laches by defendant forfeits defenses
"Failure of the defendant in any such suit to file his anszver timely or to serve a copy thereof on the plaintiff timely constitutes a waiver by the defendant of all defenses to the suit except claims for money as compensation for the property sought to be expropriated and claims for money as damages to other property.” (Emphasis supplied.)
The above quoted expropriation statutes deal with a specific subject and are, therefore, “sui generis”. The Courts of this state have repeatedly held that the failure of the defendant to file his answer within the ten day limitation period allowed constitutes a waiver of all defenses except that for compensation and damages. The requirement for the filing of a timely answer has been held to be mandatory. Louisiana Power & Light Company v. Dileo, La.App., 79 So.2d 150, State Through Department of Highways v. Jackson Brewing Company, 146 So.2d 504, City of Gretna v. Mitchell, La.App., 64 So.2d 873.
In support of its contention that the citation issued herein was fatally defective, and that, therefore, the entire proceeding was null and void from its inception, the defendant has cited State Through Dept. of Highways v. Cefalu, La.App., 153 So.2d 605, which was decided by this Court. In the Cefalu case the Louisiana Department of Highways sought to expropriate a servitude for highway purposes under the authority of LSA-R.S. 48:441 et seq. These statutes deal exclusively with expropriation for highway purposes and are “sui generis”. Under these statutes the land owner is given a period of thirty days within which to file answer. The citation in that particular case recited no delay for answering, as required by the statutes under which the suit was filed, although the statutes themselves were referred to in the citation, and the Court there held the citation to be valid.
The defendant also cites, in support of its contention, Spillman v. Texas & P. Ry. Co., 10 La.App. 379, 120 So. 905 wherein the Court held the proceeding void because of defective citation. In that proceeding the citation recited that the defendant had ten days within which to file answer plus one additional day for every ten miles between his residence and the office of the Clerk of Court. The statute then under consideration recited that in no event shall the delay exceed fifteen days. The facts show that the suit was filed in the Parish of Natchitoches and that the residence of the defendant was in New Orleans, a distance of 250 miles. Therefore, according *461 to the citation as written, the defendant had a period of twenty-five days in which to file answer. A preliminary default was taken by petitioner on the sixteenth day after service of citation, and the default was confirmed on the nineteenth day after service. This suit was an ordinary proceeding, not an expropriation proceeding.- In reversing the judgment of default and remanding the case for further proceedings, the Court held that the statements set forth in the citation were prejudicial to the defendant and therefore the citation was null and void.
It appears that just the opposite is true in the case before us. In the present case, according to the wordings of the notice, the defendant is given an additional five days, over and above the time allowed by the statute, within which to file his answer. He is, therefore, certainly not prejudiced and we hold that the citation as written is valid.
Furthermore, the defendant was granted additional time, until April 19th, 1964, in which to file pleadings. His answer was not filed until May 4th, 1964, which was some fifteen days after the time allowed by the Lower Court. According to the wording of the statute we have no recourse but to hold that the answer was filed late and that all defenses except that for compensation and damages have been waived by the action of the defendant. For the reasons hereinabove assigned, the judgment of the Lower Court is reversed, and the order to show cause why “Writs of Certiorari” should not be granted is made perpetual, and the “Writs” are granted, and there is judgment herein nullifying all defenses except that for compensation and damages. There is further judgment herein remanding this matter to the Lower Court for further proceedings in accordance with law, all costs of the application shall be paid by defendant.
Judgment reversed and remanded.