SWIFT, Judge.
On July 9, 1979, Mrs. Joseph R. Guillory filed a claim in the Small Claims Division of the Ville Platte City Court against Ms. Stephanie C. Guillory alleging an indebtedness of $200.00 and interest as the balance due on a promissory note. A document labelled “STATEMENT OF CLAIM AND CITATION” was sent by certified mail to Stephanie Guillory at Star Route, Box 170, Washington, Louisiana, with return receipt requested. It was received and signed for by Joyce Costanza on July 11, 1979. Stephanie Guillory did not appear or answer and a default judgment was rendered as sued for on August 2, 1979. Notice of the judgment was mailed to Ms. Guillory at the same address on August 2, 1979.
Mrs. Joseph Guillory collected $155.23 through garnishment of Stephanie Guillo-ry’s wages on two occasions.
On December 16,1979, Stephanie Guillory filed this suit attacking the judgment as a nullity for want of proper citation and service and seeking recovery of her garnished wages and losses.
At the trial Stephanie Guillory testified that when Mrs. Joseph Guillory filed her suit on the note plaintiff herein did not reside at Star Route, Box 170, her mother’s house, but instead was residing next door with her brother, Anthony Costanza. His address was Star Route, Box 169B. The latter’s wife said that plaintiff moved in with them in May, 1979, and remained there until September, 1979. Mrs. Paul Costanza, the plaintiff’s mother, testified that Stephanie moved from her house to her brother’s after a disagreement around April or May, 1979, and did- not return to live at Star Route,. Box 170, until September. However, she continued to get some mail at her mother’s house “for a while.” Joyce Cos-tanza, Stephanie’s 14 year old sister who signed for the certified mail, lived with her mother.
The defendant testified that she knew Stephanie Guillory’s mother’s address and “just took for granted that she was at her mother’s. I knew for a while she was so I thought she was still there.”
The trial judge concluded there was a valid citation and dismissed the action for nullity, but gave plaintiff judgment for $70.00 to cover infringements of the exempt portion of her wages. The court costs were assessed equally.
The plaintiff-appellant has appealed and assigned six specifications of error, but we need address only one.
LSA-R.S. 13:5200 et seq. established the procedures for a small claims division of a city court. Section 5204 provides in regard to service of citation:
“A. Service of citation or other process shall be by certified mail, with return *542 receipt requested. However, should the receipt not be returned, or if requested by a party filing the pleading, service may be made of his pleading in accordance with the Louisiana Code of Civil Procedure.
“B. Notwithstanding any other provision of law to the contrary, each citation or other process shall contain a notice which provides substantially as follows:
“ATTENTION!
“THIS LAWSUIT IS FILED IN THE SMALL CLAIMS COURT.
“THE ORDINARY RULES OF EVIDENCE DO NOT APPLY IN SMALL CLAIMS COURT.
“IF YOU LOSE IN SMALL CLAIMS COURT, YOU HAVE NO RIGHT TO APPEAL THE COURT’S DECISION. “YOU MAY HAVE THIS CASE TRANSFERRED TO THE REGULAR CIVIL COURT IF YOU WISH. TO DO SO, YOU MUST FILE A WRITTEN NOTICE WITH THE CLERK OF THE SMALL CLAIMS COURT WITHIN FIVE (5) DAYS OF RECEIVING THIS LETTER.
“IF YOU ARE UNSURE OF WHAT TO DO, YOU SHOULD TALK WITH AN ATTORNEY ABOUT IT IMMEDIATELY.”
It is unnecessary for us to determine whether or not the service was proper in this instance. A review of the statement of claim and citation mailed to Stephanie Guil-lory reveals that the citation was barren of any words even closely resembling the notice required under Section 5204(B), which is mandatory under the statute. In addition the citation does not contain a statement that the defendant must either comply with the demand, appeal or plead within the delay for answering under penalty of default. LSA-C.C.P. Article 1202(5). Therefore, the citation was obviously defective and illegal.
Louisiana Code of Civil Procedure, Article 6, provides in part:
“Jurisdiction over the person is the legal power and authority of a court to render a personal judgment against a party to an action or a proceeding. This jurisdiction must be based upon: (1) the service of process on the defendant, or on his agent for the service of process; .... ”
This undoubtedly includes the service of a valid citation.
LSA-C.C.P. Article 1201 provides in part:
“Citation and service thereof are essential in all civil actions except summary and executory proceedings. Without them all proceedings are absolutely null.”
These provisions, of course, apply to a city court and its small claims division. LSA-C.C.P. Article 4851.
There being no valid citation in the proceedings, the default judgment rendered against Stephanie C. Guillory is an absolute nullity. LSA-C.C.P. Article 2002(2); Succession of Barron, 345 So.2d 995 (La.App. 2 Cir. 1977); Spillman v. Texas & P. Ry. Co., 10 La.App. 379, 120 So. 905 (2 Cir. 1929).
For the foregoing reasons, the judgment appealed from is reversed and judgment is hereby rendered in favor of the plaintiff, Stephanie C. Guillory, and against the defendant, Mrs. Joseph R. Guillory, decreeing that the judgment in No. SCD 3527 of the Ville Platte City Court, Evangeline Parish, Louisiana dated August 2, 1979, is null and void; and further the plaintiff is awarded $155.23 with legal interest from judicial demand until paid; all costs of court are to be paid by the defendant.
REVERSED AND RENDERED.
FORET, J., concurs.